This timely appeal arises from a judgment granting Appellee a forcible entry and detainer of premises which were leased to Appellant. Appellant argues that the judgment is against the manifest weight of the evidence because she established an affirmative defense to eviction of a tenant of federally subsidized housing for nonpayment of rent. For the following reasons, this Court must reluctantly affirm the trial court judgment.
On June 8, 1988, Appellee and Appellant entered into a lease agreement for Appellant to rent an apartment owned by Appellee. The apartment complex was constructed under the United States Housing Act and provides federally subsidized housing for the elderly and the disabled. Appellant is disabled but has been able to live independently with the assistance of a federally-based state-provided waiver program that provides home and community based services to help individuals avoid institutionalization in long term care facilities.
On February 26, 1996, Appellee sent Appellant a certified notice advising Appellant that she had to vacate the premises due to nonpayment of rent. Although Appellant offered Appellee's representative a portion of the overdue rent, Appellee's representative refused to accept it. Appellee sent another notice to Appellant on August 3, 1996 demanding that Appellant vacate the premises on or before August 8, 1996 due to nonpayment of rent. On August 15, 1996, Appellee filed a complaint for forcible entry and detainer requesting restitution of the apartment as Appellant had refused to vacate the premises after being served written notice to leave. Appellant filed no answer to the complaint.
On September 30, 1996, the Campbell Municipal Court held a trial on the matter and took testimony. After the hearing, the trial court requested that the parties submit briefs on Appellant's argument that she had established an affirmative defense to eviction for nonpayment of rent to a public housing authority. Appellant alleged that she could not pay her rent because she had incurred transportation costs in association with out of town medical treatment for which the State had reimbursed her later than expected.
On October 11, 1996, the trial court found that Appellee was entitled to possession of the premises and ordered Appellant to vacate the premises by November 1, 1996. In its judgment entry, the court found that Appellee had established its complaint in forcible entry and detainer through the testimony and exhibits and the fact that Appellant admitted that she owes the rent. The court also found that although Appellee waived the right to object to Appellant's assertion of an affirmative defense at trial without raising it through the pleadings, Appellant failed to prove the defense because she presented no documentary proof that she incurred transportation costs for her out of town medical treatment and had offered only her testimony to that effect.
Appellant filed a notice to stay the execution of the court's order until this Court decided the appeal. The trial court granted the stay of execution on November 1, 1996, but ordered the stay conditional upon Appellant paying the rental arrearage, which had accumulated to $1,524.00, and all future rent as it became due. On November 5, 1996, Appellant filed a motion with this Court to modify the trial court's conditional stay. On November 5, 1996, this Court denied the motion.
On November 5, 1996, Appellant also filed her notice of appeal, raising the following sole assignment of error:
 "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT-APPELLANT IN ENTERING A JUDGMENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant contends that her trial testimony raised and positively established the affirmative defense set forth inCincinnati Metropolitan Housing Authority v. Green (1987),41 Ohio App.3d 365 that prevents eviction of a tenant of a federally subsidized housing for nonpayment of rent.
Before addressing the assignment of error, we must note that Appellee's notices to Appellant have failed to strictly comply with federal regulations and its own lease agreement. However, Appellant has not questioned and does not question the issue of notice. Further, in Real Properties Servs. Mgt. v. Harigle, the court found a notice to terminate tenancy sufficient although it lacked total compliance with notice regulations by failing to inform the tenants that they could present a defense to eviction, among other things. (July 30, 1997)-, Crawford App. No. 3-96-21, unreported. The court found that the tenants were not deprived of the overall purpose of the federal regulations of notice: "* * *to afford procedural due process to tenants in federally subsidized housing to protect such tenants against discriminatory and arbitrary eviction procedures." Id. While the court ultimately reversed the forcible entry and detainer action on other grounds, it found that the tenant was afforded due process through her counsel's presentation of a vigorous trial defense against eviction.
Similarly in the instant case, we find no evidence of discriminatory or arbitrary eviction procedures on the record. We also find that Appellant was afforded procedural due process despite a lack of strict compliance with notice requirements because she presented a defense at trial. Id.
It should also be noted in the instant case that Appellant did not file an answer or otherwise assert her affirmative defense in a pleading. While failure to assert a defense in an answer or pretrial pleading usually precludes a defendant from raising the defense at trial, Jim's Steak House, Inc. v. Cityof Cleveland (1998), 81 Ohio St.3d 18, 20, we find the trial court to be correct in holding that Appellee waived the right to object and impliedly consented to presentation of the defense at trial because it failed to raise the issue or make an objection based on this issue. In fact, Appellee proceeded at trial as though the defense had been properly raised. (Tr. p. 21). Further, Appellee and Appellant both provided post trial briefs addressing the issues raised in the defense and neither complains on appeal about use of the defense.
We now address Appellant's assignment of error that the trial court's decision against her was against the manifest weight of the evidence because she established an affirmative defense through her testimony at trial. Unfortunately, while we sympathize with Appellant's plight and the harsh consequences of this decision, the legal standard of review with which we must evaluate this assignment requires us to overrule the assignment and affirm the trial court's decision.
Appellee correctly sets forth the standard by which we review civil judgments regarding manifest weight issues:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
C.E. Morris v. Foley Const. Co (1978), 54 Ohio St.2d 279, 280.
Under federal regulations, a public housing authority can terminate a lease "for serious or repeated violation of material terms of the lease such as failure to make payments due under the lease * * *." Section 966.4(1), Title 24, C.F.R. If a landlord establishes proof that a tenant has not paid rent and shows in particular that a tenant has been repeatedly delinquent in doing so, the landlord has established a prima facie cause to terminate the lease and evict the tenant.Cincinnati Metropolitan Housing Authority v. Green (1987),41 Ohio App.3d 365, 370. After the landlord establishes the nonpayment of rent, the tenant then shoulders the burden to present evidence of an affirmative defense. Id. A tenant can establish an affirmative defense to prevent eviction in a federally subsidized housing for nonpayment of rent. Id. The court in Green found that:
 [a] valid defense might be that the nonpayment was caused by circumstances beyond the tenant's control, that the tenant promptly informed the landlord of the circumstances, and that the tenant made reasonably diligent efforts to pay the landlord as soon as possible. Id.
In the instant case, Appellant contends that her testimony affirmatively established that nonpayment of rent was beyond her control due to inability to be reimbursed for transportation costs, that she informed Appellee's representative of the circumstances, and that she offered the overdue rent as soon as the State reimbursed her for her transportation costs.
Although a written transcript was unavailable from the court, Appellant filed an App. R. 9(C) transcript approved by both Appellee and the trial court. This was submitted with the remainder of the record to this Court. Appellant had the transcript reproduced from a recording of the proceedings.
Robert F. Green testified on behalf of Appellee. Mr. Green was the director of elderly housing for Appellee and testified that he sent Appellant the February 26, 1996 certified letter and notice to vacate the premises for her nonpayment of rent for the months of January and February of 1996. (Tr. pp. 4-6, 10). He also indicated that Appellant had paid rent prior to this time with checks that had been returned for insufficient funds on at least three occasions, although Appellant later paid him in full for those checks. (Tr. p. 16).
On cross examination, Mr. Green admitted that Appellant called him in September of 1995 and told him that she was incurring financial difficulty because she was having trouble getting approval for reimbursement of medical bills and transportation costs for medical appointments through the waiver program. (Tr. pp. 10-11). However, Mr. Green testified that Appellant did not call him after he sent the notices to vacate and never called him to tell him that rent for January or February of 1996 would be late. (Tr. pp. 10-11). Mr. Green denied that he referred Appellant to Appellee's service coordinator to help Appellant work out her financial problems in paying rent. (Tr. p. 12). Mr. Green admitted that Appellant attempted to offer a partial payment of rent after the fact, but that he refused to accept the partial payment. (Tr. p. 13-14).
Appellant also testified. She indicated that she is suffering from lupus, rheumatic heart disease, epilepsy, fibromyalgia, arthritis and is legally blind. (Tr. p. 18). Appellant also testified that she was receiving medical treatment for her conditions at the Cleveland Clinic and that she was incurring transportation costs in the amount of two to three hundred dollars per month to and from Cleveland. (Tr. p. 18). Appellant explained that she had to pay the transportation costs out of her own money and then wait to be reimbursed from the Waiver program after the costs were approved. (Tr. p. 18-19). Appellant further explained that when she first submitted her transportation costs, the Waiver program did not approve them and that a delay resulted in reimbursing her thus causing her inability to pay rent beginning in September of 1995. (Tr. p. 19-20).
Appellant testified that when she first started experiencing financial difficulties in paying her rent in September of 1995, she called Mr. Green and explained the situation to him. (Tr. p. 20). She indicated that Mr. Green told her to call the service coordinator and explain the situation to her so that help could be provided. (Tr. p. 21). Appellant testified that she called the coordinator and left a message, but the coordinator never returned her call. (Tr. p. 21). Appellant also indicated that after she was reimbursed in July of 1996, she offered payment in full for the overdue rent but Mr. Green refused to accept it. (Tr. p. 22-23).
Based upon a review of the testimony, we find that competent, credible evidence existed to support the trial court's decision that Appellant established the right to forcible entry and detainer and that Appellee failed to establish her affirmative defense. Appellee's representative testified that Appellant had been delinquent in rent payments on at least three occasions in 1995 and failed to pay rent for January and February of 1996. (Tr. pp. 10-11, 16). Appellant admitted that she had difficulty paying her rent in 1995 and in January and February of 1996 due to delay in reimbursement by the State for transportation costs she incurred for out of town medical treatment. (Tr. pp. 18-20).
Appellant presented no documentary evidence of these substantial costs or of reimbursement. Appellant's defense was based solely on her own testimony. The trial court found her testimony not to be credible. This Court will not substitute its judgment for that of the factfinder on matters of witness credibility as the weight to be given the evidence and the credibility of the witnesses are primarily issues for the trier of fact who is in the best position to determine such matters.State v. Ballew (1996), 76 Ohio St.3d 244, 249 citing State v.Waddy (1992), 63 Ohio St.3d 424, 430; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
For the foregoing reasons, we find that the assignment of error advanced by Appellant is without merit. Accordingly, the trial court judgment is affirmed.
Cox, J., concurs.
Donofrio, J., concurs.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE