OPINION
Plaintiff-appellants David L. Wellman and Ruth Wellman appeal the May 6, 1999, Judgment Entry of Dismissal filed in the Stark County Court of Common Pleas on May 6, 1999. Defendant-appellee is the Wheeling Lake Erie Railway Company.
 STATEMENT OF THE FACTS AND CASE
On July 7, 1994, appellant David L. Wellman filed a complaint against appellee Wheeling Lake Erie Railway Company in the Stark County Court of Common Pleas (Case No. 1994 CV 01291). Appellant, in his complaint, alleged that he had been wrongfully discharged from his position with the Wheeling Lake Erie Railway Company. Appellant also asserted claims for breach of implied contract, promissory estoppel, intentional infliction of emotional distress, and violation of public policy. While the above case was still pending in the Stark County Court of Common Pleas, appellant David L. Wellman and his wife, appellant Ruth Wellman, filed a complaint against appellee in the United States District Court, Northern District of Ohio, Eastern Division, on March 29, 1995 (Case No. 5:95 CV 741). Appellant, in his federal complaint, raised claims of discrimination as well as pendent state claims. All of the claims stated in the complaint concerned appellant's demotion in 1992 and the termination of appellant's employment with appellee in 1993. On July 12, 1995, appellee filed an answer in federal court, denying the allegations raised by appellant in the federal complaint. Subsequently, on September 21, 1995, appellants filed a Notice of Dismissal with Prejudice of Case No. 1994CV01291 in the Stark County Court of Common Pleas. Appellants filed their Notice of Dismissal of the state case since they wished to proceed in only one forum. The Federal District Court, on January 9, 1997, granted summary judgment in favor of appellee on appellants' federal claims. The Federal Court, in its Memorandum of Opinion and Order filed on January 9, 1997, declined to exercise jurisdiction over appellant David L. Williams's state law claims for breach of implied contract, wrongful discharge, violation of public policy, and intentional infliction of emotional distress as well as appellant Ruth Wellman's claim for loss of consortium. These claims were then dismissed without prejudice. Thereafter, on January 12, 1999, appellant filed a complaint once again in the Stark County Court of Common Pleas (Case No. 1999CV00050). The claims asserted by appellants in the 1999 complaint were the same claims which were voluntarily dismissed with prejudice on September 21, 1995, in connection with the earlier state case (Case No. 1994CV01291). Appellee, on February 5, 1999, filed an answer in which it raised the affirmative defense of res judicata. In addition, on the same date, appellee filed a motion to dismiss appellants' complaint pursuant to Civ.R. 12(B)(6) on the ground that the complaint was barred by the doctrine of res judicata. A memorandum contra to appellee's motion to dismiss was filed by appellants on March 4, 1999. Appellants, in their memorandum, alleged that if appellee "had a defense of "res judicata", it waived the defense by not pleading it in the trial court and raising it for the first time in the instant case." Appellants specifically alleged that appellee had waived its right to raise the doctrine of res judicata due to its failure to plead the defense in the federal court case as required by Civil Rule 8(C). In addition to filing its memorandum contra to the motion to dismiss, appellants filed a motion for relief under Civil Rule 60(B)(1) and Civil Rule 61 in the original state case (Case No. 1994CA01291). Pursuant to a Judgment Entry of Dismissal filed on May 6, 1999, in Case No. 1999CV00050, the trial court granted appellee's motion to dismiss holding as follows: "The Court . . . finds that Plaintiffs claims are barred by the doctrine of res judicata due to the fact Plaintiff dismissed these claims "with prejudice" on September 21, 1995. A dismissal with prejudice has the effect of an adjudication on the merits and cannot be retried or refiled." In addition, the trial court denied the motion for rule 60(B)(1) and (5) and 61 relief that appellants had filed in case number 1994CV01291. Thereafter, on May 11, 1999, appellants filed a motion for relief under Civil Rule 60(B)(1) and (5) and Rule 61 in Case No. 1999CV00050. The trial court, pursuant to a Judgment Entry filed on June 15, 1999, found that since a Notice of Appeal had been filed by appellants on May 24, 1999, it was divested of jurisdiction and could not consider appellants' motion. It is from the May 6, 1999, Judgment Entry that appellants prosecute this appeal raising the following assignment of error:
 THE LOWER COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS THE APPELLANTS' COMPLAINT.
 I
Appellants, in their sole assignment of error, maintain that the trial court erred in granting appellee's motion to dismiss appellants' complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim. As is stated above, appellee, in its motion to dismiss, specifically argued that appellants' complaint in Case No. 1999CV00050 should be dismissed since it was barred by the doctrine of res judicata. Appellants now contend that appellee failed to raise the defense of res judicata in the federal proceeding and, therefore, pursuant to Civil Rule 8(C) waived such defense. Civil Rule 8(C) states, in relevant part, as follows: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . res judicata."
However, the affirmative defense of res judicata may not be raised by a motion to dismiss under Civ.R. 12(B). Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20, citing State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109. Rather, since appellee's motion to dismiss contained materials and evidence outside of the pleadings i.e. pleadings from the original Stark County case, the motion should have been converted to a motion for summary judgment. Nelson v. Pleasant (1991), 73 Ohio App.3d 479. The trial court, therefore, erred in granting appellee's motion to dismiss appellant's complaint in Case No. 1999CV00050 on the basis of res judicata. Appellant's first assignment of error is sustained. The Judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
By EDWARDS, J. WISE, P.J. and HOFFMAN, J. concurs.