OPINION
Plaintiff-appellant Dan Paden appeals from the March 7, 2000, Entry of the Guernsey County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On January 6, 2000, appellant Dan Paden filed a complaint against appellee Mose Miller in the Guernsey County Court of Common Pleas asking the trial court "to award him compensatory damages in the sum of $45,000.00; issue an order quieting plaintiff's title [to specified real estate]; determine the plaintiff to be the equitable owner of the premises; decree that the possession of the premises be delivered to plaintiff by the defendant; and to award costs, interest and attorney fees." Approximately one month later, appellee filed a Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Civ.R. 12 (B)(6). Appellee, in his motion, argued, in part, that the issues raised in appellant's complaint previously were determined in Cambridge Municipal Court Case No. 99CVG00395 captioned Miller v. Paden, a forcible entry and detainer action. In essence, appellee argued that appellant's complaint in the case sub judice was barred by the doctrine of res judicata and that appellant should not be permitted to "re-adjudicate" his interest in the subject real estate. A memorandum in opposition to appellee's Motion to Dismiss was filed by appellant on February 8, 2000. A supplemental memorandum was filed by appellant one week later to which appellee filed a response on February 18, 2000. Pursuant to an entry filed on March 7, 2000, the trial court granted appellee's Motion to Dismiss pursuant to Civ.R. 12 (B)(6). The trial court, in its entry, found that since appellant was out of possession of the subject property and did not have or claim to have an interest in remainder or reversion, appellant could not bring an action to quiet title. The trial court further found that appellant's claim for compensatory damages pursuant to R.C. 5303.08 was barred by the doctrine of res judicata since such claim "was required to be asserted " in Cambridge Municipal Court Case No. 99CVG00395. It is from the trial court's March 7, 2000, entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE JUDGMENT OF THE TRIAL COURT DISMISSING PADEN'S COMPLAINT ON THE GROUNDS OF RES JUDICATA IS CONTRARY TO LAW.
This case has been assigned to the Court's accelerated calendar.
 I
Appellant, in his sole assignment of error, contends that the trial court erred in granting appellee's motion to dismiss appellant's complaint on the ground of res judicata. We agree. The affirmative defense of res judicata may not be raised by a motion to dismiss under Civ.R. 12(B). Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20, citing State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, 109. Rather, since appellee's motion to dismiss contained materials and evidence outside of the pleadings, i.e. pleadings from the Guernsey Municipal Court Case No. 99CVG00395, the motion should have been converted to a motion for summary judgment. Nelson v. Pleasant (1991), 73 Ohio App.3d 479. The trial court, therefore, erred in granting appellee's motion to dismiss appellant's complaint for compensatory damages on the basis of res judicata. Appellant's sole assignment of error is sustained.
The Judgment of the Guernsey County Court of Common Pleas is reversed and this matter is remanded for further proceedings.
 ______________________ Edwards, J.
By Gwin, P.J. and Farmer, J. concurs