OPINION
{¶ 1} Defendant-Appellant, Michael Dye ("Appellant"), appeals a decision from the Seneca County Common Pleas Court, Juvenile Division, denying his motion to vacate a March 31, 1998 judgment entry establishing paternity and child support. On appeal, Appellant claims that the prior order should have been vacated because it was barred by res judicata; however, since the paternity issue could not have been litigated at the time of his initial request due to a finding of "good cause" and because he failed to raise res judicata as an affirmative defense in his answer to the subject complaint, the trial court did not err in denying his motion to vacate.
 {¶ 2} Facts and procedural history pertinent to the issues raised on appeal are as follows. On March 17, 1995, Appellant filed a request to establish paternity between he and Anna Mossing with the Seneca County Child Support Enforcement Agency ("CSEA"). In response, Anna's mother, Jeanna Mossing, established that "good cause" existed to preclude cooperation with a paternity determination, pursuant to O.A.C. 5101:1-32-02
and 5101:1-29-962. Accordingly, on April 25, 1995, Appellant was issued a letter denying and dismissing his request.
 {¶ 3} Thereafter, on June 16, 1997, the CSEA and Jeanna filed a complaint in the Seneca County Common Pleas Court, Juvenile Division, to establish paternity and child support between Appellant and Anna. Notably, Appellant filed no response. A hearing was set for July 31, 1997, which Appellant failed to attend. Notwithstanding, the trial court ordered the parties to submit to DNA testing. Appellant also failed to attend the scheduled testing, resulting in an October 3, 1997 consent order to initiate the test. The results thereof demonstrated that Appellant's probability of parentage was 99.61%.
 {¶ 4} Subsequently, on January 29, 1998, a hearing was held to establish paternity and child support. Both parties admitted on the record that Appellant was Anna's father. In the resulting March 31, 1998 judgment entry, the trial court confirmed these admissions and ordered Jeanna to be designated residential parent, and Appellant was ordered to pay child support. No appeal was taken from this determination.
 {¶ 5} Appellant then filed a motion to vacate the March 31, 1998 judgment on August 9, 2000, asserting that the 1995 letter from the CSEA denying Appellant's paternity request barred any subsequent paternity determination as res judicata. However, on February 21, 2002, the trial court overruled the motion because Appellant neither proved res judicata by a preponderance of the evidence nor did he raise it as an affirmative defense in response to the June 16, 1997 complaint. From this decision, Appellant appeals, asserting a single assignment of error for our consideration:
 {¶ 6} "The trial court erred in denying the appellant's motion to vacate judgment where said judgment was barred by the doctrine of res judicata."
 {¶ 7} The doctrine of res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[1] The doctrine operates to preclude a subsequent action both on claims that were actually litigated and also those that could have been litigated in a previous action.[2]
"[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims that were or might have been litigated in a first lawsuit."[3] Additionally, res judicata applies to administrative proceedings that are "of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding."[4] And, proceedings of administrative agencies are considered judicial in nature if there is notice, a hearing, and an opportunity for introduction of evidence.[5]
 {¶ 8} Herein, Appellant claims that res judicata bars the March 31, 1998 finding of paternity because the April 25, 1995 letter from the CSEA denying his request to establish paternity was a final order. However, O.A.C. 5101:1-32-02 states that the "CSEA shall not attempt to establish paternity when there has been a finding of good cause as described in rule 5101:1-29-962 of the Administrative Code."[6] A finding of "good cause" essentially operates to postpone the paternity determination, giving the parties no opportunity to litigate that issue. Accordingly, because the CSEA made a finding of "good cause," paternity could not have been decided at that time. Consequently, the denial of Appellant's request to establish paternity based upon a finding of "good cause" cannot bar a subsequent complaint to establish paternity on res judicata grounds.
 {¶ 9} Additionally, Appellant waived any claim of res judicata because he did not raise it as an affirmative defense in response to the June 16, 1997 complaint. Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * *." The Ohio Supreme Court has held that affirmative defenses other than those listed in Civ.R. 12(B) are waived unless they are raised in the pleadings or in an amendment to the pleadings.[7]
Accordingly, because res judicata is an affirmative defense that was not raised until the subject motion to vacate, Appellant has waived his rights in relation thereto.
 {¶ 10} For the foregoing reasons, we find no merit to Appellant's assignment of error, and it is hereby overruled.
 {¶ 11} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
[2] Id. at 382.
[3] Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69.
[4] State of Ohio, Cuyahoga Child Support Enforcement Agency exrel. Drews v. Ambrosi (Sept. 3, 1998), Cuyahoga App. No. 9770465, quoting Grava, 73 Ohio St.3d at 381.
[5] Id., citing State ex rel. Republic Steel Corp. v. Ohio Civil RightsCommission (1975), 44 Ohio St.3d 178, 184.
[6] Ohio Adm. Code 5101:1-32-02(M).
[7] Jim's Steak House, Inc. v. City of Cleveland (1998),81 Ohio St.3d 18, 20, citing Civ.R. 8 15.