OPINION
{¶ 1} Plaintiffs-appellants, Richard A. and Dorothy Stuller, appeal from judgments entered against them in favor of defendant-appellee, Phillip D. Price, M.D., by the Franklin County Court of Common Pleas in two separate, but related, cases in which they assert medical malpractice claims against Dr. Price. These cases have been consolidated for purposes of this appeal.
 {¶ 2} Case No. 02AP-267[1] is an appeal from the trial court's denial of appellants' motion, pursuant to Civ.R. 60(B)(1) and (5), for relief from summary judgment previously entered in favor of appellee and affirmed by this court in Stuller v. Price (Sept. 20, 2001), Franklin App. No. 00AP-1355. Case No. 02AP-29[2] is an appeal from the trial court's dismissal of a refiled complaint that also asserts malpractice claims against appellee in connection with the same course of treatment, as was subject of the first case.
 {¶ 3} Appellants initially filed their medical malpractice action against appellee, and others, including Mount Carmel Health System, d.b.a. Mount Carmel Medical Center, on June 23, 1999. Appellants seek compensatory and punitive damages from appellees as a result of alleged negligence in connection with Roux-en-y gastric bypass surgery performed upon Mr. Stuller by Dr. Price, and in relation to his post-operative care. According to the complaint, surgery was performed on July 13, 1998, and Mr. Stuller remained hospitalized for three and one-half months before being released to a nursing home where he spent an additional five months. The complaint alleges that Mr. Stuller underwent three subsequent surgeries; that he continues to suffer from partial blindness, paralysis and tremors; and that he will require future medical care. Mrs. Stuller claims she is entitled to damages based upon loss of consortium.
 {¶ 4} More than a year after the action was commenced, appellee moved for summary judgment on the ground that appellants had not, within the time frame provided by the trial court's scheduling orders, identified an expert witness to offer an opinion that the treatment Mr. Stuller received fell below the acceptable standard of care required of a physician in providing care of this nature. In support of the motion, appellee furnished his own affidavit attesting that his conduct did not fall below that acceptable standard. Appellants filed their memorandum opposing the motion and tendered an affidavit by Dr. Jay Jacoby in which he opined that the medical treatment Dr. Price provided to Mr. Stuller did fall below the requisite standard of care and that Mr. Stuller's post-operative problems were proximately caused by the negligent treatment he had received from Dr. Price. Dr. Jacoby's affidavit did not, however, contain a statement that when he furnished the affidavit, at least one-half of his professional time was dedicated to clinical practice in his field of licensure or to instruction in that field at an accredited school.
 {¶ 5} The trial court granted summary judgment in favor of appellee holding that, under the provisions of Civ.R. 56(E)[3] and Evid.R. 601(D),[4] the affidavit of Dr. Jacoby was not admissible expert testimony such as is required to not only establish the standard of care in the medical community a treating physician must satisfy, but must also show that the treatment provided by Dr. Price failed to meet that standard. Because the affidavit of Dr. Jacoby was the only evidence offered to rebut the affidavit furnished by Dr. Price on the issue of negligence, the court concluded that appellants failed to demonstrate a genuine issue of material fact remained to be litigated. The trial court thus determined that appellee was entitled to judgment as a matter of law as set forth in the November 9, 2000 decision and judgment entry journalized November 20, 2000.
 {¶ 6} Appellants appealed, and further proceedings as to all claims and parties before the trial court were stayed pending the outcome of their appeal. On September 20, 2001, following an independent review, this court affirmed the judgment of the trial court in favor of appellee, stating:
 {¶ 7} "Because appellants provided no admissible evidence that appellee did not comply with the standard of care, no genuine issue of material fact existed that precluded summary judgment for appellee. Consequently, the trial court did not err in granting appellee's summary judgment motion, and appellants' assignment of error is overruled." Stuller, supra.
 {¶ 8} Appellants did not appeal this court's September 20, 2001 decision. Instead, they refiled their complaint against appellee fifteen days after we affirmed summary judgment. They expressly set forth in their new complaint that it was being refiled pursuant to R.C. 2305.19, and that "[t]he original case was filed June 23, 1999, and dismissed against Defendant Phillip D. Price M.D. on summary judgment on November 9, 2000." (Complaint in case No. 02AP-29, at 1.) The allegations made in the refiled complaint are essentially the same as those in the original complaint with one count added that more specifically alleges negligence by appellee in failing to provide for post-operative follow-up care.
 {¶ 9} Appellee moved to dismiss the refiled complaint arguing that the doctrine of res judicata precludes appellants from relitigating the claims and issues decided by this court in the previous appeal and that the savings statute, R.C. 2305.19, does not apply because the prior action had been decided on the merits. Appellants filed a memorandum in opposition to the motion asserting that such affirmative defenses as res judicata and statute of limitations can only be properly raised in a responsive pleading, not by a motion to dismiss in lieu of an answer. The record reflects that after appellants' memorandum was filed, but before the trial court rendered a decision on the motion to dismiss, appellee filed his answer to the refiled complaint. The answer sets forth the statute of limitations as a bar to recovery and alleges res judicata, collateral estoppel and laches as affirmative defenses. The trial court later sustained appellee's motion and dismissed the refiled complaint holding, "R.C. 2305.19 does not permit the refiling of a complaint in which judgment has been rendered upon the merits. * * *" (Dec. 14, 2001 Decision in case No. 02AP-29, at 3.)
 {¶ 10} After appellants filed their new complaint and the trial court reactivated the original case with respect to the remaining claims against the other defendants, they also filed a motion in the original case for relief from summary judgment pursuant to Civ.R. 60(B). They argued their counsel had inadvertently omitted language from the first affidavit of Dr. Jacoby necessary to establish that he spent 50 percent of his professional time in a qualifying activity under Evid.R. 601(D) and was thereby competent to testify as an expert witness in a medical malpractice case. They offered a corrected affidavit from Dr. Jacoby as well as an affidavit from counsel that characterized the omission of the required language as an unintentional drafting error, which occurred when counsel prepared the expert's affidavit transcribing portions from a standardized form. Appellants contended they were entitled to relief from judgment as contemplated in Civ.R. 60(B)(1) by reason of the identified inadvertent mistake or excusable neglect and, under the entire circumstances as provided in Civ.R. 60(B)(5), for any other reason justifying relief. The "other reason" argued was that since Mount Carmel Health System remains a defendant in the original action and appellants intend to call Dr. Jacoby to testify against Mount Carmel, justice requires that appellee be reinstated as a defendant based upon the corrected affidavit of Dr. Jacoby so that all claims can be considered together on their merits.
 {¶ 11} The trial court denied the motion for relief from judgment because it did not find "* * * any basis to vacate its decision granting summary judgment in favor of Defendant Price in light of the fact that the Court of Appeals has affirmed the decision and the Plaintiffs did not timely move for relief from judgment pursuant to Civ.R. 60(B)." (Feb. 20, 2002 Decision and Entry in case No. 02AP-267, at 5-6.)
 {¶ 12} The Stullers appeal from both judgments. We will first address the assignments of error set forth in the appeal from the dismissal of their refiled complaint (case No. 02AP-29). Appellants advance the following related assignments of error:
 {¶ 13} "[I.] The Trial Court improperly granted Defendant-Appellee Price's Motion for Dismissal because Defendant-Appellee improperly raised affirmative defenses res judicata and savings clause in a responsive pleading.
 {¶ 14} "[II.] The Trial Court improperly decided that Plaintiffs-Appellants prior summary judgment as to one defendant, was on the merits, therefore, the savings clause was not applicable.
 {¶ 15} "[III.] The Trial Court improperly granted Defendant-Appellee's Motion to Dismiss because Defendant-Appellee did not conform to Civil Rules on Motions and Pleadings, therefore, Defendant-Appellee's Motion should have been stricken."
 {¶ 16} The second assignment of error involves application of R.C. 2305.19, the Ohio savings statute. We will discuss it first. The statute provides, in part:
 {¶ 17} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."
 {¶ 18} Here, the original complaint was filed well within the time limitations for a medical malpractice action under the provisions of R.C. 2305.11. Summary judgment in favor of appellee was journalized on November 20, 2000, and the claims against him were thus dismissed after expiration of the applicable limitation period. If summary judgment in the previous action was a termination "other than upon the merits," then the action could be refiled within one year from the date summary judgment was journalized. If, however, the prior decision was on the merits, then R.C. 2305.19 would not apply so as to extend the time for filing a new malpractice action based upon the same circumstances as were the subject of the first action. Application of the savings statute involves two elements. The original action must be commenced prior to the expiration of the applicable statute of limitations and a dismissal after such expiration must be other than on the merits. The savings statute is not to be used as a method for tolling the statute of limitations. Motorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995), 73 Ohio St.3d 391,397.
 {¶ 19} Appellants insist that summary judgment previously granted by the trial court and affirmed by this court following our independent review in Stuller "was not decided on the `merits,' but rather on a mistake or omission which [was] mechanical in nature and involved no legal decision or judgment." (Appellants' brief in case No. 02AP-267, at 10.) Essentially, they argue that the exclusion of Dr. Jacoby's affidavit pursuant to Evid.R. 601(D) was a technical evidentiary ruling and that the resulting judgment was a termination of the case other than on the merits for the purposes of the savings statute. The argument misconstrues our decision in Stuller.
 {¶ 20} We held, after viewing the properly presented evidence most strongly in favor of appellants, that appellee demonstrated the absence of a genuine issue of material fact concerning an essential element of appellants' case. See Christensen v. Ohio Mulch Supply, Inc. (Aug. 14, 2001), Franklin App. No. 00AP-1036. Appellee was entitled to summary judgment as a matter of law because appellants did not satisfy their reciprocal burden to present admissible evidence that the doctor failed to exercise the requisite standard of care in treating his patient and was thereby negligent. After the ruling resulted in the exclusion of Dr. Jacoby's affidavit, the overall failure of proof was the basis for our decision. No genuine issue of material fact remained to be litigated because in the absence of an appropriate affidavit of Dr. Jacoby, and the absence of other evidence to rebut evidence submitted by appellee, reasonable minds could come to but one conclusion as to the treating physician's alleged negligence. That conclusion was one adverse to appellants. See Civ.R. 56(C) and Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629.
 {¶ 21} The United States Supreme Court has recognized a similarity between the standard for deciding a motion for summary judgment and that applicable to deciding a motion for directed verdict, stating:
 {¶ 22} " `The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted.' * * * [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury * * *." Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 251-252, 106 S.Ct. 2505, quoting Bill Johnson's Restaurants, Inc. v. NLRB (1983), 461 U.S. 731,745, fn. 11, 103 S.Ct. 2161.
 {¶ 23} Both standards contemplate that the court will analyze the evidence properly presented to it and render a decision on the merits after applying the applicable law to the facts established by that evidence. Therefore, the decision in Stuller was on the merits. "A summary judgment pursuant to Civ.R. 56 is an adjudication on the merits that operates as a dismissal with prejudice." Cunningham v. A-Best Products Co. (July 26, 1995), Washington App. No. 94CA29. The trial court correctly held that the savings statute, R.C. 2305.19, does not apply so as to allow the refiling of an action previously dismissed on that basis. The second assignment of error is overruled.
 {¶ 24} In support of their first assignment of error, appellants argue that appellee did not properly raise res judicata as an affirmative defense when he moved to dismiss the complaint rather than allege the defense in a responsive pleading and later move for summary judgment. Citing Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, appellants maintain: (1) that affirmative defenses not expressly listed in Civ.R. 12(B) including res judicata, statute of limitations and other matters constituting an avoidance — are waived if not first asserted in an answer or other responsive pleading, and (2) that such affirmative defenses may not be raised in a Civ.R. 12 motion made prior to the filing of the responsive pleading.
 {¶ 25} In Jim's Steak House, the defendant did not file an answer to the plaintiff's amended complaint, and thereby failed to assert any affirmative defenses. On the day the trial in that case was to begin, the defendant moved to dismiss the amended complaint and attempted for the first time since it was filed to raise the affirmative defense of res judicata. Id. at 19. The Ohio Supreme Court held "Affirmative defenses other [than] those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15." Id. at 20. See, also, State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109. Construing this holding in a more recent case where the defendant failed to answer an amended complaint, this court reversed summary judgment granted by the trial court on statute of limitations grounds because that affirmative defense "was not before the court and is waived until such time, if ever, it is asserted via an answer to the amended complaint." (Emphasis added.) Fowler v. Coleman (Mar. 10, 1998), Franklin App. No. 97APE09-1156.
 {¶ 26} The circumstances in this case are clearly distinguishable because appellee did file an answer that alleged res judicata and the statute of limitations as affirmative defenses. Even though the answer was served while the motion to dismiss was pending and more than 28 days after the filing of the refiled complaint, the time limit set by Civ.R. 12(A)(1) for a responsive pleading to be served and filed, it was filed within the extended time provided under Civ.R. 12(A)(2). When a motion to dismiss is filed, the time for filing a responsive pleading is stayed. State ex rel. Fant v. Sykes (Mar. 30, 1989), Franklin App. No. 88AP-1021. Under these circumstances, we do not conclude that appellee waived the affirmative defenses set forth in his answer.
 {¶ 27} Furthermore, this court has recognized that where the availability of an applicable affirmative defense not among those listed in Civ.R. 12(B) is apparent from the face of the complaint, a motion to dismiss may be a proper vehicle for raising that defense. Leichliter v. Natl. City Bank of Columbus (1999), 134 Ohio App.3d 26. In deciding a motion to dismiss filed prior to a responsive pleading, a trial court must limit its consideration to the four corners of the complaint. For example, a motion to dismiss based upon the running of the statute of limitations is erroneously granted if the complaint does not conclusively show on its face that the action is barred by the statute of limitations. Id. at 32; Brubaker v. Ross (Apr. 17, 2001), Franklin App. No. 00AP-1159, citing Velotta v. Leo Petronzio Landscaping, Inc. (1982),69 Ohio St.2d 376, paragraph three of the syllabus. On the other hand, this court has upheld the granting of a motion to dismiss a complaint where the face of the complaint clearly showed that the affirmative defense asserted in the motion acted as a bar to the action. Burkhalter v. Ohio State Hwy. Patrol (July 19, 2001), Franklin App. No. 00AP-1310.
 {¶ 28} As we have already determined, the trial court correctly ruled that the decision in Stuller was on the merits and that the savings statute does not apply so as to extend the time period during which a malpractice action must be commenced. See R.C. 2305.11(B)(1). On its face, the complaint not only avers that the prior dismissal followed the granting of appellee's motion for summary judgment, it also affirmatively shows that the dismissal and, necessarily, the refiling occurred after the expiration of the applicable statute of limitations period. See Priddy v. Ferguson (Dec. 14, 1999), Union App. No. 14-99-38. Having decided that the savings statute did not apply as a matter of law, the trial court did not need to look beyond the four corners of the complaint to decide as well that the refiled malpractice action was time-barred. Butler v. Harper, Summit App. No. 21051, 2002-Ohio-5029; and Brubaker v. Ross, Franklin App. No. 01AP-1431, 2002-Ohio-4396. While it may have been appropriate for the trial court to convert the motion to dismiss into a motion for summary judgment after furnishing the parties with notice of its intention to do so and affording them an opportunity to argue on that basis, the court was not required to do so in this case. It did not err in considering and granting the motion to dismiss because it did not need to look beyond the allegations in the refiled complaint in order to decide the motion. In contrast to the circumstances present in Lansing v. Hybud Equipment Co., Stark App. No. 2002CA00112, 2002-Ohio-5869, where the prior litigation relied upon in the defendant's motion to dismiss as a bar to plaintiff's amended complaint did not appear on the face of that amended complaint; here, appellants stated the procedural history that permitted the trial court to render a decision on the motion to dismiss. Accordingly, the first assignment of error is overruled.
 {¶ 29} In support of their third assignment of error, appellants argue that the motion to dismiss filed by appellee should have been stricken because the movant failed to state with particularity the grounds for the motion and did not refer in the motion to any specific rule upon which the motion was made. Nothing in the record indicates that appellants moved to strike the motion to dismiss. The pertinent portion of Loc.R. 21.01 of the Franklin County Court of Common Pleas states, "All motions shall be accompanied by a brief stating the grounds and citing the authorities relied upon. * * * Except as otherwise provided, this Rule shall apply to all motions." Tucker v. Gilley (Mar. 29, 2002), Franklin App. No. 01AP-820. Having examined the motion to dismiss and supporting memorandum as well as appellants' memorandum in opposition thereto, we observe not only that appellee complied with the requirements of Loc.R. 21.01 but also that appellants enjoyed the opportunity to fully respond to the arguments made by appellee in support of the motion. See Architectural Interior Products, Inc. v. Heilig-Meyers Furniture Co. (Dec. 5, 1996), Guernsey App. No. 96-CA-36 ("Because appellant was given a reasonable opportunity to be heard concerning the issue of res judicata, any error in failing to formally convert the motion to one for summary judgment is harmless."). The third assignment of error is overruled.
 {¶ 30} Before we close our discussion of the appeal in case No. 02AP-29, we note that in the body of his brief, appellee asks this court to deem the appeal frivolous and, pursuant to App.R. 23, require appellants to pay his reasonable costs, including attorney fees expended in defending the appeal. A request for App.R. 23 sanctions should be the subject of a separately filed motion. Richards v. Beechmont Volvo (1998), 127 Ohio App.3d 188; and Cicchini v. Crew (Dec. 18, 2000), Cuyahoga App. No. 74009. "A paragraph in a responsive brief is insufficient to raise the issue before this court." Richards, at 192, citing Hollon v. Abner (Aug. 29, 1997), Hamilton App. No. C-960182. Additionally, the separately filed motion for relief pursuant to App.R. 23 should be presented no later than the time of the filing of the briefs to ensure that all issues will be before the court and, thus, allow it to decide all issues at once. In the Matter of: The Christ Hospital (Oct. 18, 1994), Franklin App. No. 93AP-800. Since no such motion for costs, including attorney fees, was filed in this court, appellee is not entitled to have the court consider this issue. Davis v. Davis (Nov. 8, 1991), Lucas App. No. L-90-338.
 {¶ 31} Moreover, even if the issue had been properly presented, we find upon review of the record that the assignments of error, particularly the challenge raised in the first assignment of error to the propriety of asserting affirmative defenses by motion made prior to the filing of a responsive pleading, present reasonable questions for our review. Therefore, we decline to label the appeal as frivolous and, accordingly, decline to award attorney fees to appellee. Rodriguez v. Rhodman (Aug. 17, 2000), Franklin App. No. 99AP-1235, and International EPDM Rubber Roofing Systems, Inc. v. GRE Insurance Group (May 4, 2001), Lucas App. No. L-00-1293.
 {¶ 32} We now turn our attention to the errors assigned by appellants in their appeal from the denial of their motion for relief from judgment (case No. 02AP-267). Those assignments of error are:
 {¶ 33} "I. The trial court erred in denying Plaintiffs-Appellants motion for 60(B) relief from judgment as Appellants satisfied all requirements of 60(B)(1).
 {¶ 34} "II. The trial court erred in denying Plaintiffs-Appellants motion for 60(B) relief from judgment as appellants timely filed their motion for relief from judgment.
 {¶ 35} "III. The trial court erred in not applying provision (5) of Civil Rule 60(B) and not addressing this in their decision.
 {¶ 36} "IV. The trial court erred in finding they did not have jurisdiction to set aside judgment because this court affirmed summary judgment on evidence rules."
 {¶ 37} Because we view these assignments of error as being interrelated, we will discuss them together. In pertinent part, Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * * or (5) any other reason justifying relief from the judgment." See Covington v. P.I.E. Mut. Ins. Co. (2002),149 Ohio App.3d 406. When this court reviews a trial court's ruling on a motion for relief from judgment, we apply an abuse of discretion standard. Cannell v. Robert L. Bates Co. (Mar. 8, 2001), Franklin App. No. 00AP-915, citing Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9. In the past, this court has recognized "the discretion granted to a trial court under Civ.R. 60(B) is, to achieve just results, quite broad." Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc. (1984),16 Ohio App.3d 167, 168.
 {¶ 38} An abuse of discretion connotes more than an error of law or judgment, but instead implies that the court's attitude is unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122, and In re Jane Doe 1 (1991), 57 Ohio St.3d 135. "[T]he result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but passion or bias." Keaton v. Purchase Plus Buyers Group, Inc. (2001), 145 Ohio App.3d 796,805, citing Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256. This court's role is, therefore, limited in scope and the fact that we may have reached an opposite result will not justify our reversing the trial court's decision. Wilmington Steel, at 122.
 {¶ 39} To prevail on a Civ.R. 60(B) motion for relief from judgment, appellants, as moving parties, have the burden to show: (1) that they have a meritorious defense or claim to present if the requested relief should be granted; (2) that they are entitled to relief under one of the grounds for relief set forth in Civ.R. 60(B)(1) through (5), inclusive; and (3) that the motion is made within a reasonable time after the judgment or order from which relief is sought was granted. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph 2 of the syllabus. These requirements are independent of one another, and if any one of the three is not satisfied, the trial court should deny the motion. Id. at 151, citing Universal Film Exchanges, Inc. v. Lust (C.A.4, 1973), 479 F.2d 573. See, also, FMD Limited Partnership v. City of Medina, Medina App. No. 3135-M, 2002-Ohio-4746, at ¶ 16, citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17.
 {¶ 40} If the grounds for relief argued are among those identified in Civ.R. 60(B)(1), (2) or (3), the motion for relief from judgment must "* * * be made not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B). The one-year limitation establishes a maximum deadline, but a motion based upon any of the enumerated grounds must still be filed within a reasonable time under the circumstances of the case, after the judgment or order from which relief is sought. RPM, Inc. v. Oatey Co. (Sept. 20, 2000), Medina App. No. C.A.2960-M.
 {¶ 41} In deciding the previous appeal in Stuller, this court observed:
 {¶ 42} "Here, appellants failed to identify their expert witness within the time frame of the trial court's scheduling order and then only did so in response to appellee's summary judgment motion. Appellants also failed to comply with the clear requirements of Evid.R. 601(D). Appellants were put on notice by appellee's reply to their memorandum contra the summary judgment motion that the affidavit [of Dr. Jacoby] was deficient, and they could have requested leave of the court to supplement the affidavit or file further affidavits under Civ.R. 56(E). Under these circumstances, we cannot conclude that the trial court abused its discretion in concluding that Dr. Jacoby was not competent to offer expert medical testimony and in excluding his affidavit as inadmissible." (Emphasis added.)
 {¶ 43} Instead, appellants and their counsel adhered to the belief that they "did have a qualifying expert and affidavit * * * and * * * would prevail on this Appellee's Motion for Summary Judgment." (Appellants' brief, at 2.)
 {¶ 44} When the trial court overruled appellants' motion for relief from judgment, it held that the motion was not timely. The motion for Civ.R. 60(B) relief was filed December 18, 2001, more than a year after the trial court initially granted summary judgment on November 20, 2000. The court correctly acknowledged appellants' argument based upon the holding in Wells v. Spirit Fabricating, Ltd. (1996),113 Ohio App.3d 282, that a trial court lacks jurisdiction to decide a pending motion for relief from judgment while an appeal from the same judgment is likewise pending. See, also, Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, and Barber v. Brown (Sept. 27, 1994), Scioto App. No. 93CA2132. Nonetheless, the court ruled that the motion was not timely, that is, filed within a reasonable time, based upon the circumstances of this case. Appellants were required to meet the reasonable time requirement of Civ.R. 60(B), notwithstanding the one-year maximum. Nationsbanc Mortgage Corp. v. Jones (Mar. 20, 2001), Mahoning App. No. 99-CA-236, quoting Fouts v. Weiss-Carson (1991),77 Ohio App.3d 563, 567.
 {¶ 45} In reaching its conclusion, the trial court expressly considered the failure by appellants, as discussed in the above-quoted passage from this court's prior decision, to take corrective measures after they were put on notice that the affidavit of Dr. Jacoby was deficient. The court also mentioned the passage of time from the date this court decided Stuller, September 20, 2001, remanding the case for further proceedings that involved only the remaining defendant until appellants filed their motion for Civ.R. 60(B) relief. The one-year deadline provided in Civ.R. 60(B) from the date of the original entry of summary judgment in favor of appellee passed during that period. Another window of opportunity during which appellants might have sought to have the initial judgment set aside was the 30-day period following the entry granting summary judgment and prior to the deadline for filing a notice of appeal. App.R. 4(A) and 4(B)(5).
 {¶ 46} In Sony Electronics, Inc. v. Grass Valley Group, Inc. (Mar. 22, 2002), Hamilton App. No. C-010133, the plaintiff filed a Civ.R.60(B)(5) motion seeking relief from the dismissal of its complaint. Because the trial court had not yet ruled on that motion and the deadline for filing an appeal from the dismissal was approaching, the plaintiff filed its notice of appeal, then moved in the court of appeals for a stay of the appeal and remand to the trial court for the limited purpose of ruling on the Civ.R. 60(B) motion. The appellate court granted that request and ultimately was able to review both the judgment dismissing the complaint and the trial court's disposition of the motion for relief from that judgment in a consolidated proceeding. In Howard, at 147, the Ohio Supreme Court recognized as appropriate the procedure followed in Sony Electronics when it stated that "* * * an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions * * *. Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." (Citations omitted.) See, also, Templin v. Grange Mut. Cas. Co. (1992), 81 Ohio App.3d 572. Here, appellants filed their notice of appeal seven days after the journalization of the trial court's summary judgment and did not first seek relief from that judgment in the court below.
 {¶ 47} Under these circumstances, we do not find that the trial court abused its discretion by denying the motion for relief from judgment as untimely. Accordingly, the second assignment of error in which appellants specifically argue that their motion was timely, is overruled.
 {¶ 48} Even if we did find otherwise on the timeliness issue, the denial of appellants' Civ.R. 60(B) motion did not amount to an abuse of discretion. An appellate court must affirm a judgment even if the trial court achieves the right result for the wrong reason because where the judgment is legally correct, an erroneous statement of reasons for rendering it does not constitute prejudicial error. RGB Joint Ventures v. Developer's Mortgage Co. (May 15, 2001), Franklin App. No. 00AP-834, and Mt. Pleasant Volunteer Fire Department v. Stuart, Jefferson App. No. 01 JE 11, 2002-Ohio-5227. For the reasons that follow, appellants have failed to establish entitlement to relief from summary judgment under the provisions of either Civ.R. 60(B)(1) or (B)(5).
 {¶ 49} In relation to the application of Civ.R. 60(B)(5), that subsection "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus, and Priddy, at 5. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id., paragraph two of the syllabus. The basis for relief must arise from circumstances chargeable to the court or otherwise beyond the control of the moving party. Such a basis does not include an error or omission created by the failure of a party to produce evidence when that party has the duty and the opportunity to do so. Templin v. Grange Mut. Cas. Co. (Apr. 8, 1991), Montgomery App. No. 12261.
 {¶ 50} Here, it is clear that appellants are relying primarily on the grounds of mistake, inadvertence and excusable neglect in the preparation of Dr. Jacoby's affidavit to support the argument that they are entitled to relief from summary judgment previously affirmed by this court. Appellants' failure to present admissible evidence to sustain their reciprocal burden in opposition to appellee's motion for summary judgment was entirely within their own control as imputed to them through the actions of counsel. Thus, we do not find that the trial court abused its discretion in not considering appellants' argument well-taken that they were entitled to relief from judgment pursuant to Civ.R. (60)(B)(5). Accordingly, we overrule appellants' third assignment of error.
 {¶ 51} Under the provisions of Civ.R. 60(B)(1), there is often a fine line between a mistake that justifies relief from judgment and inexcusable neglect that will operate to prevent such relief from being properly granted. The trial court noted in its written decision that appellants may have established through the affidavits provided with the motion to vacate that they made a mistake in the preparation of Dr. Jacoby's first affidavit. Appellants also established, however, that their counsel knew the requirements for qualifying an expert prior to the time the initial deficient affidavit was prepared and had a form affidavit which highlighted the required foundation for expert testimony to be admissible in their law office files since December 1998, six months before their original complaint was filed.
 {¶ 52} The term "excusable neglect" has been called an "elusive concept * * * difficult to define and to apply." Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20. Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring. McKinley v. Rhee (Apr. 17, 2002), Allen App. No. 1-01-168, citing Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525. See, also, Ruble v. Republic Natl. Mortgage (Sept. 22, 2000), Lucas App. No. L-00-1019. Generally, the neglect of a party's attorney is imputed to that party. Priddy, at 3, citing GTE, at 153, and Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389. "Many cases which have found excusable neglect have recognized special or unusual circumstances that justified the neglect of the attorney." Ruble, citing Vanest, at 536. What constitutes "excusable neglect" is determined from all the surrounding facts and circumstances. Bailey v. Lake Erie Educational Computer Assn. (Nov. 8, 2000), Lorain App. No. 99CA007323.
 {¶ 53} We do not find among the circumstances of this case any factors that are special or unusual so as to justify relief on the ground that counsel's neglect in failing, no matter how inadvertently, to abide by the evidentiary requirements of Evid.R. 601(D) was excusable. As was true in In re Dissolution of Marriage of Wise (1988), 46 Ohio App.3d 82, any mistake in drafting was the result of appellants' inexcusable neglect or carelessness, and there is nothing in the record of any new evidence having been discovered that was not available to appellants at the time their response to appellee's motion for summary judgment was prepared. We are not aware of any precedent that would allow appellants a second opportunity to establish their expert's competency where they failed, in spite of having the necessary documentation and knowledge in their possession, to lay a proper foundation at the time. See Pingue v. Hyslop, Franklin App. No. 01AP-1000, 2002-Ohio-2879. Civ.R.60(B)(1) is not an appropriate means for a litigant to get a second chance to oppose summary judgment. Yoder v. Edwin Shaw Dev. Found. (Apr. 17, 1996), Summit App. No. 17417. Appellants' first assignment of error is likewise overruled.
 {¶ 54} Appellants' fourth assignment of error suggests the trial court erred in finding that it lacked jurisdiction to entertain their motion to set aside judgment because this court previously affirmed summary judgment from which relief was being sought. The court mentioned in its written decision and judgment entry that appellee argued the trial court lacked jurisdiction to decide the Civ.R. 60(B) motion because this court had affirmed the granting of summary judgment in Stuller, supra. However, the trial court's holding was simply that it "* * * does not find any basis to vacate its decision granting summary judgment in favor of Defendant Price in light of the fact that the Court of Appeals has affirmed the decision * * *." (Feb. 20, 2002 Decision and Entry in case No. 02AP-267, at 5-6.) That decision was not an abuse of discretion under the facts of this case.
 {¶ 55} In Stuller, this court affirmed the trial court's granting of summary judgment. By doing so, we granted judgment to appellee on the merits, as fully discussed above in connection with case No. 02AP-29. As in Brooks v. Ohio State Anesthesia Corp. (Aug. 29, 1996), Franklin App. No. 96APE05-576, we did not remand for a new trial or a retrial as to the appellants. The remand in Stuller was not for the purpose of allowing the appellants to present additional or substitute evidence in opposition to the already properly granted summary judgment. The sole purpose of the remand was to allow the trial court to proceed with those aspects of the case that involve claims against the remaining defendant.
 {¶ 56} We read the trial court's decision and judgment entry to merely reflect that it was applying the law of the case in denying appellants' motion for relief from judgment. Appellants chose not to appeal further from our decision in Stuller. The principle that a Civ.R. 60(B) motion is not a substitute for a direct appeal is widely recognized. Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, paragraph two of the syllabus; Conley v. Conley, Miami App. No. 2002-CA-1, 2002-Ohio-4332; and Powell v. Killian (Sept. 18, 2001), Franklin App. No. 01AP-85. The law of the case doctrine precludes a party to litigation from attempting to rely on arguments at retrial, which were fully pursued or available to be pursued in a first appeal. New arguments are subject to issue preclusion and are barred. Brooks, at 5, quoting Hubbard ex rel. Creed v. Sauline (1996), 74 Ohio St.3d 402. Although, as stated above, this case was not remanded for retrial and the trial court did not abuse its discretion when it relied on this court's decision in Stuller to conclude that there was no basis upon which to vacate the original grant of summary judgment. In any event, the trial court properly denied the Civ.R. 60(B) motion, as noted in our discussion of appellant's third assignment of error. As a result, any error under appellants' fourth assignment of error is not prejudicial. Appellants' fourth assignment of error is overruled.
 {¶ 57} Having overruled the three assignments of error advanced in support of the appeal in case No. 02AP-29 from the granting of appellee's motion to dismiss, and the four assignments of error argued in case No. 02AP-267 in relation to the trial court's denial of appellants' Civ.R. 60(B) motion for relief from judgment, we affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
BOWMAN and BRYANT, JJ., concur.
GLASSER, J., retired of the Sixth Appellate District, assigned to active duty under authority of Section 6(C) Article IV, Ohio Constitution.
[1] Franklin County Court of Common Pleas case No. 99CVA06-5173.
[2] Franklin County Court of Common Pleas case No. 01CVA10-9771.
[3] Civ.R. 56(E) provides, in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."
[4] {¶ a} Evid.R. 601 provides:
 {¶ b} "Every person is competent to be a witness except:
{¶ c} "* * *
 {¶ d} "(D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a physician * * * or hospital arising out of the diagnosis, care, or treatment of any person by a physician * * * unless the person testifying is licensed to practice medicine and surgery * * * and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school." * * *