JIM'S STEAK HOUSE, INC. ET AL., APPELLANTS,
*v.* CITY OF CLEVELAND, APPELLEE.

[Cite as *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18.]

(No. 96–1211—Submitted September 24, 1997—Decided January 28, 1998.)

20

*Morganstern, MacAdams & DeVito Co., L.P.A.,* and *Christopher M. DeVito; Wickens, Herzer & Panza, L.P.A.,* and *Matthew W. Nakon,* for appellants.

*Sharon Sobol Jordan,* Cleveland Director of Law, and *Charles E. Hannan, Jr.,* Assistant Director of Law, for appellee.

PFEIFER, J. While *res judicata* was the bone of contention between the parties in the court of appeals, we instead find for Jim's for the reason that the city never filed an answer to Jim's amended complaint, and therefore waived its opportunity even to raise *res judicata* as an affirmative defense.

This case is determined by the rules of pleading. Civ.R. 8(B) states that a defendant "shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." In this case, an *amended* complaint is at issue, but Civ.R. 15(A) requires a similar response to amended pleadings: "A party shall plead in response to an amended pleading within * * * fourteen days after service of the amended pleading * * * ."

Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * * ." In *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187, 189, this court held that "[a]n affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15. *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 4, 12 OBR 1, 4, 465 N.E.2d 377, 380." We modify that holding today, noting that Civ. R. 12(H) applies only to affirmative defenses listed in Civ. R. 12(B)(1) through (6). Affirmative defenses other that those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15.

In *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703, this court held that the defense of *res judicata* may not be raised by a motion to dismiss under Civ.R. 12(B). Thus, even assuming that the city's last-second filing of a motion to dismiss based on *res judicata* was timely filed, the affirmative defense of *res judicata* was improperly raised therein. The city failed to raise the defense in either a responsive pleading or by amendment, and therefore waived it.

The amendment to the original complaint in Jim's II was significant—it added another party with distinct claims. A responsive pleading asserting the defense of *res judicata* was therefore crucial. Whether *res judicata* would have been successful as an affirmative defense in a case like this is a bridge we will cross when we properly come to it.

We accordingly reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., DOUGLAS, RESNICK and COOK, JJ., concur in judgment only.