JOURNAL ENTRY AND OPINION
{¶ 1} The plaintiff-appellant, Arrow Uniform Rental, Inc. ("Arrow"), appeals the judgment of the Cleveland Municipal Court, Small Claims Division, which affirmed as modified a magistrate's decision regarding the award of default judgment damages against defendant-appellee, William Nix dba Nix's Auto Repair ("Nix's Auto"). For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.
 {¶ 2} The record demonstrates that on October 11, 2001, Arrow filed its lawsuit against Nix's Auto. Arrow claimed that Nix's Auto breached a uniform rental service agreement with Arrow and, as a result, Arrow sustained damages in the amount of $2,903.30. The case was set for hearing on November 27, 2001, before a magistrate; however, Nix's Auto failed to appear and present evidence. On December 31, 2001, the magistrate filed its Findings of Fact and Conclusion of Law, as follows:
 {¶ 3} "Plaintiff appeared for the hearing with counsel Timothy N. Toma, and the Company's service representative, Craig Counts, who testified. The defendant failed to appear. Based on the evidence and testimony presented the magistrate finds that defendant breached the parties contract for services. Plaintiff has demonstrated an unpaid account balance and cost for uniforms, emblems, and services in the amount of $982.70. Plaintiff's liquidated damage provision acts as an unenforceable `penalty' provision in the contract and is designed to coerce performance by punishing nonperformance; its principal objective was not compensation for losses by the nonbreaching party but to penalize defendant. The amount of damages is unreasonable in proportion to the loss actually sustained. Judgment for Plaintiff in the amount of $982.70 plus court cost and interest."
 {¶ 4} Thereafter, on December 31, 2001, the municipal court judge awarded Arrow default judgment, in accordance with the magistrate's findings.
 {¶ 5} Arrow filed its objection to the magistrate's decision and argued that it was entitled to liquidated damages which were calculated to compensate Arrow in the event of breach and not as a penalty to Nix's Auto. Arrow argued that the liquidated damages provision was valid and enforceable and that the magistrate erred in failing to award prejudgment interest.
 {¶ 6} On March 2, 2002, the court awarded prejudgment interest to Arrow but denied Arrow's objection to enforce the liquidated damages provision within the agreement.
 {¶ 7} Arrow submits its first assignment of error for our review, as follows:
 {¶ 8} "I. The trial court erred in concluding that the liquidated damages clause contained within the contract was unenforceable when this issue was not raised as a defense."
 {¶ 9} At the outset we note that Nix's Auto did not file a merit brief for our review and there is no transcript of the default judgment hearing.
 {¶ 10} The record reveals that on November 24, 1999, Arrow entered into an agreement with Nix's Auto to supply Nix's Auto with uniform shirts and pants for a period of five years, from November 24, 1999 through November 24, 2004. The agreement was executed by William Nix as the owner of Nix's Auto. Arrow claims that Nix's Auto breached the agreement on April 4, 2001, by discontinuing Arrow's services.
 {¶ 11} The uniform rental service agreement contains the following liquidated damages provision:
 {¶ 12} "In the event of Breach by Customer, Company shall be entitled to 50% of the weekly service charge, times the number of weeks remaining in the term of the contract, or the replacement value of the items in service, whichever is greater, and all accrued liabilities."
 {¶ 13} The record also contains the affidavit of Arrow's counsel, who stated that, at the default judgment hearing, Arrow presented the testimony of its service manager, Craig Counts. Counts testified that the liquidated damages provision was calculated to compensate Arrow for its lost profits. Counts testified that Arrow suffers a loss of approximately 50% of its revenue when a contract is terminated prematurely. Counts stated that Nix's Auto's weekly volume at the time of the breach was $26.02 and that there were 190 weeks remaining in the contract term. Applying the liquidated damages provision, Arrow claimed lost profits in the amount of $2,471.90 ($26.02 per week, multiplied by 50%, multiplied by 190 weeks.) Counts also testified that Arrow was owed $58.70 in outstanding receivables and $373 for unreturned uniforms, for a total request for damages in the amount of $2,903.30.
 {¶ 14} Arrow argues that Nix's Auto failed to answer the complaint, attend the default hearing, or otherwise present a defense in this matter. Arrow argues that the penalty issue was not raised by Nix's Auto and, therefore, the magistrate did not have the discretion to declare the liquidated damages clause unenforceable.
 {¶ 15} Affirmative defenses other that those listed in Civ.R. 8 are waived if not raised in the pleadings or in an amendment to the pleadings. Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18,20. In regard to liquidated damages, it may be raised as an affirmative defense that the provision constitutes a penalty rather than a valid liquidated damages provision. See Tremco Inc. v. Kent (May 29, 1997), Cuyahoga App. No. 70920. Nix's Auto failed to raise the defense of penalty in any responsive pleading or at the default judgment hearing; thus, the defense is deemed waived on appeal. Jim's Steak House, supra, at 20.
 {¶ 16} Arrow relies on Rentwear, Inc. v. McFarland (Feb. 26, 1996), Stark App. No. 95 CA 0205, for the proposition that the trial court could not make the determination that the liquidated damages provision constituted a penalty. In Rentwear, the court found that because the penalty issue was not raised, the legality of a service agreement was not disputed, and therefore, the trial court did not have right to declare the agreement illegal. We are persuaded by Rentwear, for the narrow set of facts presented herein, and find that the trial court erred in failing to award liquidated damages to Arrow.
 {¶ 17} Arrow's first assignment of error is well-taken. Arrow's second assignment of error is as follows:
 {¶ 18} "II. The trial court's determination that the parties' liquidated damages clause was an unenforceable penalty was contrary to the law and evidence."
 {¶ 19} Based on our discussion above, Arrow's second assignment of error is rendered moot.
Judgment is reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND FRANK D. CELEBREZZE, JR., J. CONCUR.