JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Daniel L. Neighbor, appeals from a common pleas court order granting defendant-appellee, Deborah Nalepka's, motion to dismiss or for summary judgment. We conclude that the "Heartbalm Act," R.C. 2305.29, did not bar Neighbor's action, nor was the action barred by res judicata. Consequently, Nalepka failed to demonstrate that she was entitled to judgment as a matter of law. We reverse and remand for further proceedings.
 {¶ 2} The complaint in this case was filed January 24, 2007, and asserted that the parties had entered into a legally binding written contract which Nalepka breached by failing to pay Neighbor $20,000 as required. Nalepka answered asserting, among other things, that the complaint failed to state a claim, that there was no consideration for the contract, and that Neighbor's claim was barred by res judicata. On September 17, 2007, Nalepka moved to dismiss or for summary judgment, arguing that this action is barred by the "Heartbalm Act," R.C. 2305.29, and that the claims underlying the contract were barred by res judicata. Attached to the motion was a copy of the complaint and answer filed in another case, Case No. CV-529231, as well as a copy of the order of dismissal in that case and the case docket, the contract at issue, and a letter from opposing counsel to appellant's counsel in Case No. CV-529231 in connection with this contract. Neighbor opposed Nalepka's motion, asserting that the Heartbalm Act did not preclude recovery here.
 {¶ 3} The parties' handwritten contract states: *Page 2 
 This agreement is between Deborah Nalepka and Daniel Neighbor on November 13, 2004.
 I, Deborah Nalepka[,] agree to pay Daniel Neighbor $20,000 on or before January 1, 2007 for work performed, house expenses and monies incurred at property located at 4065 SOM Center Road, Moreland Hills, Ohio.
 If we are married or engaged on January 1, 2007, this contract is null and void.
 This is a binding contract that is strickly [sic] forcible [sic] in a court of law. We both agree to this and will have no changes to it in whole or part.
/s/ Daniel Neighbor 11-13-2004
/s/ Deborah Nalepka 11/13/2004
 {¶ 4} This contract was witnessed and notarized.
 {¶ 5} The first argument in Nalepka's motion for summary judgment asserted this action was barred by the "Heartbalm Act," R.C. 2305.29, which states: "No person shall be liable in civil damages for any breach of a promise to marry * * * *." On appeal, Neighbor urges that the contract was not a penalty against Nalepka in the event that she declined to marry Neighbor (as Nalepka argued in the trial court), but rather was an agreement to compensate Neighbor for expenses he incurred and work he performed in connection with real property owned by Nalepka. We agree.
 {¶ 6} "The effect of R.C. 2305.29 is that a promise to marry partakes of a contract which is revocable by either party at will." Dixon v.Smith (1997), 119 Ohio App.3d 308, 315. The contract in this case does not include a promise to marry, *Page 3 
implicitly or explicitly. Rather, it is a contract to compensate Neighbor for work he performed and expenses he incurred, presumably for Nalepka's benefit.[1] R.C. 2305.29 does not preclude recovery of property transferred in anticipation of marriage, nor does it preclude recovery on a quantum meruit theory for benefits conferred based on a mistaken belief that the parties would be married. Dixon,119 Ohio App.3d at 316, 318. By the same token, we hold that R.C. 2305.29 also does not preclude recovery on a contract for payment of such amounts.
 {¶ 7} Nalepka argues that summary judgment in her favor was appropriate because Neighbor's claims were barred by res judicata when Neighbor dismissed, with prejudice, his prior action for compensation for the monies he expended on Nalepka's house. Res judicata is an affirmative defense which is waivable. Civ. R. 8(C); Jim's Steak House v.Cleveland (1998), 81 Ohio St.3d 18, 20. By entering into this contract, Nalepka waived any res judicata defense she may have had. *Page 4 
 {¶ 8} We find that Nalepka failed to demonstrate that she was entitled to judgment as a matter of law. Therefore, we reverse and remand for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE
SEAN C. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR.
[1] Nalepka's answer included a laundry list of affirmative defenses "that may apply in this matter," including failure of consideration and want of consideration, but she presented no evidence in support of these affirmative defenses. *Page 1