JOHNSON et al., Appellants,

v.

WATERLOO COAL COMPANY, Appellee.

[Cite as *Johnson v. Waterloo Coal Co.,* 184 Ohio App.3d 607, 2009-Ohio-5318.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 08CA7.

Decided Oct. 2, 2009.

Story Law Office and Steven L. Story, for appellants.

Isaac, Brant, Ledman & Teetor, L.L.P., and James M. Roper, for appellee.

Per Curiam.

{¶ 1} Appellant Terry Johnson appeals the grant of summary judgment in favor of appellee, Waterloo Coal Company, by the Jackson County Court of

Common Pleas, with respect to his claim that appellee's improper loading of a semi-truck that he drove resulted in a load shift, ultimately causing the truck to overturn and resulting in injuries to him. On appeal, Johnson raises a single assignment of error, contending that the trial court erred in granting appellee's motion for summary judgment. Because we find that appellee, Waterloo Coal Company, did not assert the affirmative defense of statute of limitations, we conclude that the trial court erred in granting summary judgment in its favor on that basis. Accordingly, we reverse the trial court's grant of summary judgment in favor of appellee and remand this matter to the trial court.

## FACTS

{¶ 2} The record reveals that on February 28, 2000, appellant Terry Johnson was driving a tractor-trailer in the course of his employment with Davis Trucking Company, Inc. and/or appellee, Waterloo Coal Company, that had been loaded by his employers, and that overturned, causing him to sustain significant injuries. Johnson commenced his first action against Davis Trucking and Waterloo Coal Company on January 3, 2001, by filing a complaint in the Jackson County Court of Common Pleas. In particular, the complaint alleged that "[a]s a result of the negligence, recklessness, intentional, and malicious actions of the Defendants, Terry Johnson was severely injured." This complaint alleged more specifically in other paragraphs that Terry Johnson's employers had engaged in a plan to overload trucks, were in complete control of the loading, and threatened employees with firing if they objected to or protested the illegal overloading. Appellants voluntarily dismissed their complaint on April 29, 2003.

{¶ 3} On April 27, 2004, appellants refiled their complaint in Franklin County. The refiled complaint pleaded the same general negligence language as the earlier complaint, claiming that "[a]s a result of the negligence, recklessness, intentional, and malicious actions of the defendants, Terry Johnson was severely injured." This complaint included allegations in addition to those contained in the original complaint. Specifically, appellants alleged that on the day of the accident, the tractor-trailer that Johnson drove "was overloaded with coal and otherwise improperly loaded, and while Plaintiff Terry Johnson was operating this tractor trailer the load shifted resulting in an accident." Thus, Johnson set forth a new theory of liability, claiming not only overloading, but improper loading resulting in a load shift. Johnson subsequently filed a first amended complaint on May 19, 2004, containing the same allegations.

{¶ 4} The record reveals that Davis Trucking Company filed answers and counterclaims to Johnson's refiled and first amended complaints on June 8 and June 15, 2004, respectively, denying Johnson's claims and asserting several affirmative defenses, including a defense that Johnson's claim was filed beyond

the statute of limitations. However, appellee, Waterloo Coal Company, did not file an answer to the refiled complaint. Although appellee filed an answer to the amended complaint on June 9, 2004, it did not assert a statute-of-limitations defense, which is an affirmative defense.

{¶ 5} Subsequently, the case was transferred back to Jackson County, and Waterloo Coal Company moved for summary judgment on May 17, 2007, claiming that Johnson's new improper-loading and load-shift theories were time barred. Specifically, appellee argued that while Johnson refiled his complaint within the saving statute, these new claims were barred by the statute of limitations and did not fall within the saving statute. On July 9, 2008, an agreed final judgment entry was journalized, ordering "that Defendant's Motion for Summary Judgment is hereby sustained as it relates to Plaintiff's new theory of recovery regarding an alleged load shift since that claim is barred by the applicable statute of limitations." It is from this judgment entry that appellants now bring their timely appeal, assigning a single assignment of error for our review.

## ASSIGNMENT OF ERROR

I. The trial court erred in granting the defendant's motion for summary judgment.

## LEGAL ANALYSIS

{¶ 6} In their first assignment of error, appellants contend that the trial court erred in granting appellee's motion for summary judgment. Summary judgment is appropriate when the movant demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339–340, 617 N.E.2d 1123; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The moving party bears the burden of proving no genuine issue of material fact exists. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798.

{¶ 7} When reviewing a summary judgment, an appellate court must independently review the record to determine whether summary judgment was appropriate. An appellate court need not defer to the trial court's decision in summary judgment cases. See *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 599 N.E.2d 786. In the case sub judice, we have reviewed the applicable law and find that the trial court incorrectly decided the motion. Thus, for the following reasons,

we reverse the trial court's summary judgment and remand this case for further proceedings consistent with this opinion.

{¶ 8} Although the arguments of the parties center on whether or not the "improper loading" and "overloading" claims are substantially similar so as to relate back to the original complaint for purposes of the saving statute, we instead find for appellants because appellee's answer did not assert the affirmative defense of the statute of limitations. Therefore, appellee has waived its opportunity even to raise the statute of limitations as a defense in support of its motion for summary judgment.

{¶ 9} Our reasoning is based upon the reasoning of the Supreme Court of Ohio, as set forth in *Jim's Steak House v. Cleveland* (1998), 81 Ohio St.3d 18, 688 N.E.2d 506, which involved the issue of res judicata, an affirmative defense set forth in Civ.R. 8(C), along with the affirmative defense of statute of limitations. There, the court reasoned:

> While res judicata was the bone of contention between the parties in the court of appeals, we instead find for Jim's for the reason that the city never filed an answer to Jim's amended complaint, and therefore waived its opportunity even to raise res judicata as an affirmative defense.

> This case is determined by the rules of pleading. Civ.R. 8(B) states that a defendant "shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." In this case, an amended complaint is at issue, but Civ.R. 15(A) requires a similar response to amended pleadings: "A party shall plead in response to an amended pleading within * * * fourteen days after service of the amended pleading * * *."

> Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * *." In *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187, 189, this court held that "[a]n affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15. *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 4, 12 OBR 1, 4, 465 N.E.2d 377, 380." We modify that holding today, noting that Civ.R. 12(H) applies only to affirmative defenses listed in Civ.R. 12(B)(1) through (6). Affirmative defenses other that those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15.

Id. at 20, 688 N.E.2d 506. See also *Spence v. Liberty Twp. Trustees* (1996), 109 Ohio App.3d 357, 672 N.E.2d 213.

{¶ 10} Here, appellee did not file an answer in response to Johnson's refiled complaint, and appellee's answer filed in response to Johnson's amended com-

plaint did not assert the affirmative defense of statute of limitations. Appellee did not raise the defense in a motion to dismiss filed prior to filing its responsive pleading, nor did appellee file an amended answer asserting such defense. Accordingly, appellee waived the defense and could not raise it at the summary judgment stage of the proceedings. Therefore, the trial court erred in granting appellee's motion for summary judgment on that basis.

{¶ 11} Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KLINE, P.J., and McFARLAND, J., concur.

HARSHA, J., dissents.

HARSHA, Judge, dissenting.

{¶ 12} Although I agree that Waterloo Coal Co. failed to properly raise the affirmative defense of the statute of limitations in its pleadings, I conclude that Johnson failed to object to this omission and proceeded to defend against the motion for summary judgment on the merits of that motion. Rather than raising the issue of Waterloo's waiver of the statute, Johnson addressed the motion by arguing that his new claim was substantially similar and therefore satisfied the requirements of the saving statute. Because Johnson consented to deciding the motion for summary judgment on its merits, the trial court did not err in addressing the statute-of-limitations defense.