THE STATE EX REL. ADKINS ET AL., APPELLANTS,

*v.* SHANAHAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Adkins v. Shanahan,*

132 Ohio St.3d 519, 2012-Ohio-3833.]

*Court of appeals' judgment dismissing complaint for writ of prohibition affirmed—Judge does not patently and unambiguously lack jurisdiction.*

(No. 2012-0508—Submitted August 22, 2012—Decided August 29, 2012.)

APPEAL from the Court of Appeals for Hamilton County, No. C-120087.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellants, Gregory D. Adkins and Jo Ellen Adkins, for a writ of prohibition to prevent appellee, Hamilton County Municipal Court Judge Megan Shanahan, from exercising any further jurisdiction in *Smith v. Adkins*, Hamilton M.C. No. 10CV12756.

{¶ 2} Judge Shanahan does not patently and unambiguously lack jurisdiction in the underlying case despite appellants' claim that a no-asset bankruptcy discharge under 11 U.S.C. 727 in 2001 barred the action. As appellants acknowledge, the complaint in the municipal court case alleged a secured-debt claim, which would not be discharged by the bankruptcy. Moreover, the bankruptcy discharge specified that "not all" types of debts were discharged. Further, there is evidence that the parties to the underlying suit had an ongoing relationship that continued well after the bankruptcy discharge was entered in 2001. Finally, appellants may have waived their affirmative defense of discharge in bankruptcy by failing to raise it in the municipal court case in an answer or an amended answer. *See, e.g., Fountain Skin Care v. Hernandez*, 175 Ohio App.3d

93, 2008-Ohio-489, 885 N.E.2d 286, ¶ 21 (2d Dist.); *Hill v. Petty*, 4th Dist. No. 93CA15, 1993 WL 525006, *4 (Dec. 14, 1993); *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (1998) (plurality opinion) ("Affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings").

{¶ 3} Therefore, appellants could not establish that Judge Shanahan *patently and unambiguously* lacked jurisdiction over the underlying municipal court case. "[W]ithout a patent and unambiguous lack of jurisdiction, a court possessed of general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 19. Because the court of appeals' duty in prohibition cases is limited to determining whether jurisdiction is patently and unambiguously lacking, neither that court nor this court needed to rule on the merits of appellants' jurisdictional claim to resolve their prohibition claim. *See generally State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, 931 N.E.2d 98, ¶ 39. Consequently, the court of appeals correctly dismissed appellants' claim for extraordinary relief in prohibition, and we affirm that judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Charles E. McFarland, for appellants.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer, Assistant Prosecuting Attorney, for appellee.

_____