[Cite as *Needles v. Raitz*, 2012-Ohio-5021.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

RISA L. NEEDLES,

    PLAINTIFF-APPELLEE,               CASE NO.  13-12-15

    v.

JOHN RAITZ, ET AL.,                  O P I N I O N

    DEFENDANTS-APPELLANTS.

Appeal from Tiffin Municipal Court
Trial Court No. CVI 1200018

**Judgment Affirmed**

Date of Decision:   October 29, 2012

APPEARANCES:

    *Corey L. Tomlinson* for Appellants

    *Risa L. Needles*, Appellee

**SHAW, P.J.**

{¶1} Defendants-appellants, John Raitz and Melissa Matteson (collectively referred to as "Appellants"), appeal the February 17, 2012 judgment of the Tiffin Municipal Court awarding plaintiff-appellee, Risa Needles ("Appellee"), $2,100.00 plus interest and court costs for the damage Appellants caused to her rental property while they were living there as tenants.

{¶2} On October 20, 2011, in case number 11CVI277, Appellee filed a small claims complaint alleging Appellants broke the residential lease agreement between them and requesting money damages. In particular, Appellee claimed Appellants: 1) failed to perform work on the property that was promised to be completed in exchange for not having to put a security deposit down and for having $75.00 subtracted from the monthly rent; 2) housed two dogs while living on the premises, which were not approved by the landlord and damaged the property; and 3) broke the lease two months prior to its expiration. Appellee also alleged that Appellants caused significant damage to the premises while living there and requested the trial court to grant her judgment in the amount of $2,470.00 plus interest and court costs.

{¶3} On December 6, 2011, Appellee filed an amended complaint requesting a judgment for damages in the amount of $3,970.00.

**{¶4}** On December 7, 2011, a hearing was held and at the end of the hearing the trial court announced that it would take the matter under advisement. On the same day, the trial court issued an entry. After a brief recitation of the facts, the trial court concluded its entry as follows:

> **The Court has always taken its responsibility in small claims cases very seriously, due to the fact that it is one of the few outlets individuals have to obtain redress for their grievances. Indeed, it is important to keep in mind that the small claims Court is a layman's forum, and an overly legalistic application of the rules of evidence serve only to deny justice. However, the plaintiff's case as presented makes its nearly impossible for the Court to determine how the amount of the claim was reached, let alone whether the damages were the result of something other than ordinary wear and tear. Defendants countered with the poor condition of the premises at the time they moved in and asserted that many of the damages detailed were preexisting. This, coupled with the fact that the plaintiff's claim is in excess of the statutory lime [sic] of small claims court, give the Court pause to grant a judgment in this matter. Any judgment awarded—even the agreed damage to the door screen—would be speculative in light of the fact that plaintiff has failed to present evidence of the cost of its repair, let alone whether is [sic] was beyond ordinary wear and tear. As such, the Court finds the plaintiff has failed to meet her burden of proof by a preponderance of the evidence. While the Court declines to grant damages to the plaintiff in this instance, it does not preclude the plaintiff from pursuing damages in separate litigation, and encourages the plaintiff to do so with the appropriate supporting evidence.**

(Dec. 7, 2011 Entry at 4).

Notably, there is no dispositional order, or any language indicating that judgment is granted in a party's favor or that the trial court adjudicated the case on the merits.

{¶5} On January 18, 2012, in case number 12CVI18, Appellee filed a new complaint alleging the same claims against Appellants.

{¶6} On February 17, 2012, the trial court held a hearing. On the record, the trial court discussed the entry issued on December 7, 2011, in case number 11CVI277, and determined that the prior entry constituted an involuntary dismissal without prejudice pursuant to Civ.R. 41(B)(2). The trial court proceeded to hear evidence and subsequently entered judgment in favor of Appellee, awarding her $2,100.00 in damages plus interest and court costs.

{¶7} On March 1, 2012, Appellants filed their notice of appeal.

{¶8} On August 20, 2012, the appellate record was supplemented with the trial record from case number 11CVI277 pursuant to App.R. 9(E) and based upon the trial court granting the Appellants' motion to supplement the record.

{¶9} On appeal, the Appellants assert the following assignment of error for our review.

**TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING JUDGMENT FOR APPELLEE AS JUDGMENT WAS BARRED BY RES JUDICATA.**

{¶10} In their sole assignment of error, Appellants argue that the trial court erred when it construed the December 7, 2011 entry in case number 11CVI277 as an involuntary dismissal without prejudice. Appellants further argue that this entry was a judgment on the merits which precluded Appellee from raising the same claims against Appellants in the subsequent case 12CVI18 under the doctrine of res judicata.

{¶11} In order to apply the doctrine of res judicata, we must conclude the following: (1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence. *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 381–382 (1995).

{¶12} In reviewing the December 7, 2011 entry, there is nothing in the entry to support the conclusion that an adjudication on the merits or otherwise took place. The trial court simply states that upon having found Appellee had failed to meet her burden of proving her case by the preponderance of the evidence, the court "declines to grant damages" to Appellee. The trial court then proceeds to *encourage* Appellee to "pursu[e] damages in separate litigation * * * with the appropriate supporting evidence." There is nothing in the entry indicating that the trial court granted *judgment* in favor of a party nor is there any language

that can even be construed as imposing a *disposition* of the case, including a dismissal without prejudice. Accordingly, we conclude that the December 7, 2011 entry was not a valid judgment on the merits; therefore, the doctrine of res judicata does not apply to the case sub judice.

{¶13} Additionally, we believe Appellants waived any claim of res judicata because they did not file an answer or otherwise raise res judicata as an affirmative defense in response to Appellee's January 18, 2012 complaint. Civil Rule 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * * ." The Ohio Supreme Court has held that affirmative defenses other than those listed in Civ.R. 12(B) are waived unless they are raised in the pleadings or in an amendment to the pleadings. *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St.3d 18, 20, (1998), citing Civ.R. 8 & 15. Res judicata is not one of the defenses enumerated in Civ.R. 12(B). While we acknowledge that in some instances the civil rules may or may not be applicable to small claims court cases, in this instance Appellants never raised any issue regarding res judicata until the appeal.

{¶14} Based on the foregoing, the assignment of error is overruled and the judgment of the Tiffin Municipal Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI and ROGERS, J.J., concur.**

Case No. 13-12-15

**/jlr**