[Cite as *Nationside Mtge.., L.L.C. v. Young*, 2016-Ohio-8287.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC | C.A. No. 28134 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES YOUNG, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV 2013 07 3563 |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2016

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Nationstar Mortgage, LLC ("Nationstar"), appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellees, Charles and Gertraud Young ("the Youngs"). This Court reverses.

I

{¶2} In early 2003, Stephanie Young received the deed to certain real property on Topflite Drive in Akron ("the Property"). She executed a note and mortgage in favor of Lehman Brothers Bank, FSB ("Lehman Brothers") the following year and subsequently defaulted on the note. Lehman Brothers then assigned her note to Aurora Loan Services, LLC ("Aurora"), and Aurora filed a foreclosure action against Young in federal court.

{¶3} Twelve days before Aurora filed its foreclosure action against her, Young executed a $57,000 mortgage in favor of her parents, the Youngs. The mortgage was secured by the Property and indicated that it would be paid upon the sale of the Property. Nevertheless,

Aurora never included the Youngs as parties in the foreclosure action. On April 30, 2007, the federal court entered a judgment and decree of foreclosure in favor of Aurora for the Property and ordered the property sold by a Master Commissioner.

{¶4} Within ten days of the court's judgment of foreclosure, Young filed a petition for Chapter 13 bankruptcy such that an automatic stay of the proceedings occurred. In her bankruptcy petition, Young included her parents and the $57,000 mortgage in their favor on her schedule of creditors holding secured claims against her. Her petition resulted in the court confirming a Chapter 13 plan that required her to make monthly payments, but she ultimately failed to make the required payments.

{¶5} On November 8, 2011, Aurora moved for relief from the bankruptcy stay due to Young's default on her scheduled payments. In its motion for relief, Aurora specifically noted that it believed the Youngs had an interest in the Property; specifically, "a lien in the approximate amount of $57,000.00 as set forth in [Young's] Schedule D." Nevertheless, after the trial court lifted the stay, Aurora did not seek to join the Youngs in the foreclosure action. Instead, it purchased the Property at public auction and then assigned its successful bid to Nationstar. The federal court confirmed the sale and, on January 23, 2013, a Master Commissioner's Deed to the Property was recorded in favor of Nationstar.

{¶6} Several months after it acquired its deed, Nationstar filed the current action against the Youngs to quiet title to the Property and establish its fee simple ownership. Nationstar indicated that Aurora had "inadvertently failed" to include the Youngs in the foreclosure action because their mortgage lien "was not detected at the outset of the foreclosure action." The Youngs responded to the complaint by filing a pro se answer, but later secured

counsel and filed an amended answer. Both parties then moved for summary judgment and filed briefs in opposition to their competing motions.

{¶7} It was the Youngs' position that res judicata barred Nationstar from contesting the validity of their mortgage because their mortgage was recognized as a secured claim in their daughter's bankruptcy case and Aurora never challenged it. Meanwhile, Nationstar argued that the Youngs' mortgage was invalid, that res judicata was an affirmative defense that could not be raised for the first time in a motion for summary judgment, and that, in any event, their res judicata argument failed on its merits.

{¶8} The trial court determined that the Youngs had a valid mortgage, as established in the bankruptcy proceedings, and that res judicata barred Nationstar from contesting the validity of their mortgage. Accordingly, it entered summary judgment in favor of the Youngs. Nationstar then appealed from the court's judgment. On appeal, Nationstar argued that the trial court erred by ruling in favor of the Youngs on the basis of res judicata because they had failed to properly assert res judicata as an affirmative defense in their answer. *See Nationstar Mtg., L.L.C. v. Young*, 9th Dist. Summit No. 27499, 2015-Ohio-3868, ¶ 4-8. This Court determined, however, that it was unclear from the trial court's entry "whether it decided that the Youngs could assert the affirmative defense of res judicata because they had properly pled it in their answer * * * or because it could be raised for the first time in a motion for summary judgment * * *." *Id.* at ¶ 6, citing *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18 (1998) and *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107 (1991). Because that portion of the court's decision was critical to our review, we reversed its judgment and remanded the matter for further consideration. *Young* at ¶ 6-7.

{¶9} On remand, the trial court declined to decide whether or not the Youngs had properly pled res judicata in their answer. Instead, it determined that they could raise the affirmative defense of res judicata for the first time in their motion for summary judgment. The court once again entered summary judgment in favor of the Youngs on the basis of res judicata.

{¶10} Nationstar now appeals from the trial court's judgment and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE YOUNGS BASED UPON AN AFFIRMATIVE DEFENSE (RES JUDICATA) THAT THE YOUNGS DID NOT PLEAD OR MOVE TO PLEAD.

{¶11} In its first assignment of error, Nationstar argues that the court erred by awarding the Youngs summary judgment on the basis of res judicata because res judicata cannot be raised for the first time in a motion for summary judgment. Under the particular facts and circumstances of this case, we agree.

{¶12} As this Court noted in the earlier appeal in this matter, "[r]es judicata is an affirmative defense," and the Civil Rules require it "to be pleaded in an answer." *Young*, 2015-Ohio-3868, at ¶ 5, citing Civ.R. 8(C). In *State ex rel. Freeman v. Morris*, the Ohio Supreme Court considered whether a respondent in a mandamus proceeding could raise res judicata in a motion to dismiss rather than a responsive pleading. 62 Ohio St.3d at 108-109. There, the respondent filed a motion to dismiss on the basis of res judicata and attached to his motion various court filings, allegedly evidencing that the matter had been previously litigated. The Supreme Court noted that Civ.R. 12 did not include res judicata as a defense that may, at the option of the pleader, be asserted in a motion rather than in a responsive pleading. *Id.* at 109. It

further noted that, under Civ.R. 12, courts may not consider materials outside the pleadings without converting a motion to dismiss to a motion for summary judgment. *Id.* Accordingly, the Court held that "the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." *Id.* In doing so, it favorably cited a Third District case for the proposition that res judicata "could be raised by motion for summary judgment." *Id.* This Court later relied upon that statement to conclude that a defendant may raise res judicata in a motion for summary judgment and, therefore, does not waive the defense by failing to assert it in a responsive pleading. *Francis v. Diewald*, 9th Dist. Lorain No. 95CA006264, 1996 WL 255885, *2 (May 15, 1996), citing *State ex rel. Freeman* at 109.

{¶13} Several years after the issuance of *State ex rel. Freeman* and *Francis*, the Supreme Court decided *Jim's Steak House, Inc. v. Cleveland.* The *Jim's Steak House* case began when a business brought suit against Cleveland for damages the business allegedly sustained after an extended bridge closure. *Jim's Steak House, Inc.*, 81 Ohio St.3d at 19. The business' first suit resulted in a dismissal for failure to state a claim, but it later filed another complaint against Cleveland based on the bridge closure. Cleveland unsuccessfully moved to dismiss the complaint before filing an answer in which it asserted res judicata. *Id.* Subsequently, the business filed an amended complaint, and Cleveland responded by filing two more motions to dismiss, in the second of which it argued res judicata. Cleveland never filed an answer to the amended complaint, and the trial court ultimately denied its motions to dismiss. After a jury found against Cleveland, the matter was appealed until it reached the Supreme Court. *Id.* at 20.

{¶14} In a plurality decision, the Supreme Court held that Cleveland had waived the affirmative defense of res judicata. *Id.* at 20-21. The plurality determined that "[a]ffirmative defenses other tha[n] those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in

an amendment to the pleadings." *Id.* at 20. It further noted, citing *State ex rel. Freeman*, that "the defense of res judicata may not be raised by a motion to dismiss under Civ.R. 12(B)." *Id.* at 21, citing *State ex rel. Freeman* at 109. Because Cleveland had failed to raise res judicata as an affirmative defense in an answer to the amended complaint, the plurality concluded that Cleveland had waived its res judicata argument. *Jim's Steak House, Inc.* at 20-21.

{¶15} Since the issuance of *Jim's Steak House*, a majority of the Supreme Court has cited the case on two occasions for the proposition that affirmative defenses are waived if not properly asserted in a responsive pleading. *See State ex rel. Adkins v. Shanahan*, 132 Ohio St.3d 519, 2012-Ohio-3833, ¶ 2; *State ex rel. Deiter v. McGuire*, 119 Ohio St.3d 384, 2008-Ohio-4536, ¶ 28. Meanwhile, the Supreme Court has repeatedly cited *State ex rel. Freeman* for two propositions: (1) that res judicata is not the proper subject of a motion to dismiss, and (2) that courts may not rely upon evidence outside a complaint when granting a motion to dismiss. *See, e.g., Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, ¶ 10; *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 473-474 (1998); *State ex rel. Boggs v. Springfield Local Sch. Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 97 (1995).

{¶16} The Youngs filed two answers in this matter, but neither expressly included res judicata as an affirmative defense.[1] Instead, the Youngs set forth res judicata as an argument in support of their motion for summary judgment. Even after Nationstar argued that the Youngs had waived the affirmative defense of res judicata by failing to assert it in a responsive pleading, the Youngs never filed a motion for leave to amend their answer. On appeal, they maintain that

---

[1] The Youngs set forth waiver and estoppel as affirmative defenses in their amended answer.

*State ex rel. Freeman* controls in this matter, and that a defendant may raise res judicata in a motion for summary judgment without having raised it in a responsive pleading.

{¶17} Since the Supreme Court decided *Jim's Steak House*, several of our sister districts have addressed the issue of whether a defendant may raise the affirmative defense of res judicata for the first time in a motion for summary judgment. Certain districts have concluded that it is permissible to do so and that *Jim's Steak House* never addressed that specific issue. *E.g., Hillman v. Edwards*, 10th Dist. Franklin No. 10AP-950, 2011-Ohio-2677, ¶ 12-19; *E.B.P., Inc. v. 623 W. St. Clair Ave., L.L.C.*, 8th Dist. Cuyahoga No. 93587, 2010-Ohio-4005, ¶ 22-35; *Internatl. EPDM Rubber Roofing Sys., Inc. v. GRE Ins. Group*, 6th Dist. Lucas No. L-00-1293, 2001 WL 477251, *3-5 (May 4, 2001). Others, relying on *Jim's Steak House*, have reached the opposite conclusion. *E.g., Deutsche Bank v. Smith*, 1st Dist. Hamilton No. C-140514, 2015-Ohio-2961, ¶ 15. *See also Brown v. Vaniman*, 2d Dist. Montgomery No. 17503, 1999 WL 957721, *4 (Aug. 20, 1999) ("[R]es judicata is not grounds for dismissal pursuant to Civ.R. 12(B)(6). * * * Instead, the more appropriate method for raising the defense of res judicata is by way of a motion for summary judgment after an answer is filed."). With regard to the former category, the Sixth, Eighth, and Tenth Districts have all found support for their positions in *State ex rel. Freeman*, wherein the Supreme Court favorably cited the Third District case of *Johnson v. Linder*. *Hillman* at ¶ 15-17; *E.B.P., Inc.* at ¶ 25-29; *Internatl. EPDM Rubber Roofing Sys., Inc.* at *4. For several reasons, we depart from the reasoning of the Sixth, Eighth, and Tenth Districts.

{¶18} First, the specific issue addressed in *State ex rel. Freeman* was whether the affirmative defense of res judicata is the proper subject of a motion to dismiss under Civ.R. 12(B). *State ex rel. Freeman*, 62 Ohio St.3d at 108-109. In answering no to that question, the

Supreme Court emphasized that the rule only allows certain defenses to be made by motion rather than by responsive pleading. *Id.* at 109, citing Civ.R. 12(B). The Court cited *Johnson v. Linder*, 14 Ohio App.3d 412 (3d Dist.1984), for the proposition that "the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." *Id.* at 109. It then noted that it concurred with the Third District's conclusion that "res judicata could be raised by motion for summary judgment." *Id.* It did not indicate, however, that res judicata could be raised by a motion for summary judgment *without* (1) first raising it in a responsive pleading, or (2) amending a previously filed responsive pleading to include it as an affirmative defense. The Court merely agreed that a motion for summary judgment, rather than a motion to dismiss, is the more appropriate vehicle to argue res judicata. Its agreement with that proposition is unsurprising, given that a trial court may not consider evidentiary materials outside a complaint in ruling on a motion to dismiss. We are not convinced, however, that the Court intended its citation to *Johnson v. Linder* to resolve the issue of whether affirmative defenses are preserved if raised for the first time in a motion for summary judgment.

{¶19} Second, while *Jim's Steak House* favorably cited *State ex rel. Freeman*, it went beyond the holding in that case and did not include any citation to *Johnson v. Linder*. Much like the defendant in *State ex rel. Freeman*, the defendant in *Jim's Steak House* raised res judicata in a motion to dismiss rather than a responsive pleading and/or motion for summary judgment. *See Jim's Steak House, Inc.*, 81 Ohio St.3d at 19-20. The plurality, however, did not dispose of the case simply by citing the holding in *State ex rel. Freeman*. Instead, the plurality held that the defendant had waived res judicata as an affirmative defense because "[a]ffirmative defenses other tha[n] those listed in Civ.R. 12(B) are waived *if not raised in the pleadings or in an amendment to the pleadings.*" (Emphasis added.) *Id.* at 20, citing Civ.R. 8 and Civ.R. 15. The

plurality then cited *State ex rel. Freeman* to note that the defendant could not have properly raised res judicata in a motion to dismiss under Civ.R. 12(B). *Id.* at 21. *Jim's Steak House* is devoid of any discussion regarding summary judgment motions as proper vehicles for the assertion of res judicata or other affirmative defenses. Moreover, while *Jim's Steak House* was a plurality decision, a majority of the Supreme Court has since relied upon it for the proposition that affirmative defenses are waived if not properly asserted in a responsive pleading. *See State ex rel. Adkins*, 132 Ohio St.3d 519, 2012-Ohio-3833, at ¶ 2; *State ex rel. Deiter*, 119 Ohio St.3d 384, 2008-Ohio-4536, at ¶ 28.

{¶20} Third, in *Johnson v. Linder*, the Third District only offered limited support for its decision to assume for purposes of its analysis that res judicata could be raised by a motion for summary judgment. It wrote that it was engaging in that assumption because

> in 4 Anderson's Ohio Civil Practice 417, 419, Answer and Reply, Section 153.09, it is stated: "* * * [I]n Ohio prior to the Civil Rules, the courts permitted the disposition of actions involving * * * res judicata by summary judgment * * *." (Footnote omitted.)

*Johnson*, 14 Ohio App.3d at 414. Yet, the 2010 edition of Anderson's Ohio Civil Rules Practice reads as follows:

> The better practice is for the affirmative defense of res judicata to be raised by answer and then by summary judgment motion, rather than by a motion to dismiss for failure to state a claim upon which relief can be granted.
>
> Defendant waived under Civil Rule 12(H) its opportunity to raise res judicata as an affirmative defense when it failed to file an answer to plaintiff's amended complaint. Affirmative defenses other than those listed in Civil Rule 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings or in an amendment to the pleadings. Filing a motion is not appropriate.

(Footnotes omitted.) McCormac and Solimine, *Anderson's Ohio Civil Rules Practice*, Answers and Replies, Section 7.34, at 7-19 (2010). For the foregoing proposition, Anderson's cites to *Jim's Steak House*. *Id.* at fn. 89.

**{¶21}** Fourth, numerous districts, including the Eighth and Tenth Districts, have held that affirmative defenses other than res judicata cannot be raised for the first time in a motion for summary judgment. *See, e.g., Shury v. Greenaway*, 8th Dist. Cuyahoga No. 100344, 2014-Ohio-1629, ¶ 18-23; *Wemer v. Walker*, 5th Dist. Knox No. 12CA17, 2013-Ohio-2005, ¶ 8-9; *Amare v. Chellena Food Express, Inc.*, 10th Dist. Franklin No. 08AP-678, 2009-Ohio-147, ¶ 18-19; *Johnson v. Waterloo Coal Co.*, 184 Ohio App.3d 607, 2009-Ohio-5318, ¶ 8-10 (4th Dist.); *Eulrich v. Weaver Bros., Inc.*, 165 Ohio App.3d 313, 2005-Ohio-5891, ¶ 12-14 (3d Dist.). We see no reason to apply a different rule when the affirmative defense at issue is res judicata. Civ.R. 8(C) applies with equal force to all of the affirmative defenses listed therein. If other affirmative defenses cannot be raised for the first time in a motion for summary judgment, it likewise follows that the affirmative defense of res judicata cannot be raised in that manner.

**{¶22}** In responding to the Youngs' motion for summary judgment, Nationstar specifically argued that the Youngs had waived the affirmative defense of res judicata. *Compare Business Data Sys., Inc. v. Gourmet Cafe Corp.*, 9th Dist. Summit No. 23808, 2008-Ohio-409, ¶ 14-15 (plaintiff, by responding to defendant's res judicata argument on its merits, impliedly consented to defendant's improper assertion of the defense and forfeited its opportunity to argue waiver). Nevertheless, the Youngs did not file a motion for leave to amend their answer so as to include res judicata as an affirmative defense. *Compare Radio Parts Co. v. Invacare Corp.*, 178 Ohio App.3d 198, 2008-Ohio-4777, ¶ 12-14 (9th Dist.) (defendant did not waive affirmative defense by asserting it for the first time in a motion for summary judgment where, following the motion, the defendant obtained leave to amend its answer to properly assert the defense). Moreover, the trial court never indicated that it was allowing the Youngs to amend their answer.

The court concluded that the Youngs had preserved their res judicata defense by asserting it in their summary judgment motion.

{¶23} We acknowledge that, in *Francis v. Diewald*, we held that a defendant could assert the affirmative defense of res judicata through a motion for summary judgment. *See Francis*, 1996 WL 255885, at *2. *Francis*, however, predated *Jim's Steak House*, and this Court has not yet had cause to reexamine its position in light of the Supreme Court's ruling in that case. For the reasons outlined above, we must depart from our decision in *Francis*. It is our conclusion that a party waives the affirmative defense of res judicata when he or she: (1) raises the defense in a motion for summary judgment, and (2) fails to assert the defense in a responsive pleading, either at the outset of the proceedings or by amendment with leave of court. *See Jim's Steak House, Inc.*, 81 Ohio St.3d at 19-20; *Deutsche Bank*, 2015-Ohio-2961, at ¶ 15. Because the Youngs never asserted res judicata in a responsive pleading, instead asserting it for the first time in a motion for summary judgment, they waived their affirmative defense. Thus, the trial court erred when it allowed them to assert the defense and awarded them summary judgment. Nationstar's first assignment of error is sustained.

### Assignment of Error Number Two

THE TRIAL COURT ERRED WHEN IT DECIDED THAT THAT (sic) RES JUDICATA PRECLUDES NATIONSTAR FROM DISPUTING THE YOUNGS' MORTGAGE LIEN.

{¶24} In its second assignment of error, Nationstar argues that the trial court erred when it entered summary judgment in favor of the Youngs on the basis of res judicata. Based on our resolution of Nationstar's first assignment of error, its second assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III

**{¶25}** Nationstar's first assignment of error is sustained. Its second assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
BETH WHITMORE
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ROBERT M. STEFANCIN, Attorney at Law, for Appellant.

JOHN B. KOPF and BRAD W. STOLL, Attorneys at Law, for Appellees.