[Cite as *State ex rel. KeltanBW, Inc. v. Ohio Civ. Rights Comm.*, 2024-Ohio-2641.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

STATE, EX REL. KELTANBW, INC.,　　:
DBA GODDARD SCHOOL OF
BEACHWOOD,　　　　　　　　　　:

　　　Relator,　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　No. 113884
　　　v.　　　　　　　　　　　　　:

OHIO CIVIL RIGHTS COMMISSION,　:
ET AL.,

　　　　　　　　　　　　　　　　:

　　　Respondents.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** July 10, 2024

---

Writ of Prohibition
Motion Nos. 574546 and 574752
Order No. 576073

---

*Appearances:*

Roetzel & Andress, LPA, Barry Y. Freeman, and
Danielle C. Young, *for relator*.

Dave Yost, Ohio Attorney General, Duffy Jamieson and
David P. Oppenheimer, Principal Assistant Attorneys
General, and Isaac M. Bleich, Assistant Attorney General,
*for respondents*.

SEAN C. GALLAGHER, J.:

{¶ 1} KeltanBW, Inc., d.b.a. the Goddard School of Beachwood ("Keltan"), the relator, has filed a complaint for a writ of prohibition. Keltan seeks to prohibit the Ohio Civil Rights Commission ("OCRC"), and Administrative Law Judge Bradley Dunn ("ALJ"), the respondents, from adjudicating a complaint grounded in discrimination filed in *In re: KeltanBW, Inc. dba The Goddard School of Beachwood*, Ohio Civil Rights Commission Complaint No. 23-EMP-CLE-48719. The respondents have filed motions to dismiss that are granted for the following reasons.[1]

## I. Facts

{¶ 2} The OCRC filed a complaint against Keltan alleging that it had discriminated against an employee, J.S., who is disabled. The original complaint filed by the OCRC claimed that (1) Keltan denied J.S.'s request for reasonable accommodation of her disability and approval of time off for medical procedures; and (2) Keltan retaliated against J.S. by terminating her after she sought employment with a different employer. OCRC filed a motion to amend the original complaint so that the sole claim against Keltan involved the failure to provide reasonable accommodation for J.S.'s disability and approved time off. The amended complaint no longer included any claim for retaliation. OCRC's motion to amend

---

[1] On May 15, 2024, the OCRC filed a Civ.R. 12(B)(6) motion to dismiss Keltan's complaint for prohibition. On May 22, 2024, the ALJ filed a motion to join the motion to dismiss filed by the OCRC and a separate motion to dismiss.

the complaint was granted. Keltan filed a motion to dismiss/judgment on the pleadings based upon the argument that OCRC's original complaint involved "mixed-motive" claims of both discrimination and retaliation; claims that are not permitted under R.C. 4112.02. Keltan also argued, in its motion to dismiss/judgment on the pleadings, that the OCRC was not permitted to amend the original complaint to circumvent the issue of "mixed motive" claims. The ALJ denied the motion to dismiss/judgment on the pleadings. Thereafter, Keltan filed a complaint for prohibition.

## II. Legal Analysis

{¶ 3} The principles governing prohibition are well established. Prohibition requires that the relator demonstrate (1) the respondent against whom it is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) there exists no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160 (1989). Quasi-judicial power refers to the power to hear and determine controversies between the public and individuals who require a hearing resembling a judicial trial. *State ex rel. Save Your Courthouse Comm. v. Medina*, 2019-Ohio-3737, ¶ 26; *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184 (1999).

{¶ 4} Prohibition will not lie unless it clearly appears that the judicial entity or quasi-judicial entity possesses no jurisdiction of the cause that it is attempting to adjudicate or is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138

Ohio St. 417 (1941). Prohibition will not issue to prevent an erroneous judgment, to serve the purpose of appeal, or to correct mistakes of the judicial entity or quasi-judicial entity in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273 (1940).

{¶ 5} Absent a patent and unambiguous lack of jurisdiction, a judicial entity or quasi-judicial entity having general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. *State ex rel. Bell v. Pfeiffer*, 2012-Ohio-54, ¶ 19; *State ex rel. Adkins v. Shanahan*, 2012-Ohio-3833, ¶ 3; *State ex rel. Pearson v. Moore*, 48 Ohio St.3d 37 (1990). In addition, a party challenging a judicial entity or quasi-judicial entity's jurisdiction possesses an adequate remedy at law through an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127 (1973).

{¶ 6} Pursuant to R.C. Chapter 4112, the OCRC and the ALJ possess the general subject-matter jurisdiction to investigate the claim that J.S., who is disabled, was allegedly unlawfully discriminated against by Keltan for failing to accommodate her and provide time off for medical procedures. Also, when a specific action is within a judicial entity or quasi-judicial entity's subject-matter jurisdiction, any

error in the exercise of that jurisdiction renders the judgment voidable, not void. *State v. Harper*, 2020-Ohio-2913, ¶ 26. Extraordinary relief, such as through the present complaint for prohibition, is not available to challenge a voidable judgment. *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 15, citing *Harper* at ¶ 26.

{¶ 7} Finally, when a judicial entity or quasi-judicial entity possesses basic subject-matter jurisdiction to act, and an appeal is available, a writ of prohibition will not issue. *France v. Celebrezze*, 2012-Ohio-5085 (8th Dist.). Pursuant to R.C. 4112.06(A), Keltan possesses an adequate remedy at law through an appeal to the Cuyahoga County Court of Common Pleas from any decision rendered by the OCRC and the ALJ:

> (A) *Any complainant*, or respondent *claiming to be aggrieved by a final order of the commission*, including a refusal to issue a complaint, *may obtain judicial review thereof*, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. *Such proceeding shall be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed* or wherein any respondent required in the order to cease and desist from an unlawful discriminatory practice or to take affirmative action resides or transacts business.
>
> (B) Such proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission. Thereupon the commission shall file with the court a transcript of the record upon the hearing before it. The transcript shall include all proceedings in the case, including all evidence and proffers of evidence. The court shall

thereupon have jurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief, restraining order, or other order as it deems just and proper and to make and enter, upon the record and such additional evidence as the court has admitted, an order enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the commission or remanding for further proceedings.

(Emphasis added.)

{¶ 8} It must also be noted any contention that an appeal from any subsequent adverse final judgment, rendered by the OCRC and the ALJ, would be inadequate due to time and expense is without merit. *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 626 (1996); *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 74 Ohio St.3d 120, 124 (1995); *State ex rel. Gillivan v. Bd. of Tax Appeals*, 70 Ohio St.3d 196, 200 (1994); *State ex rel. Estate of Nichols v. Russo*, 2018-Ohio-3416, ¶ 11 (8th Dist.). Finally, Keltan's claims of added expense or increase in time to resolve the matter are insufficient to justify the contention of an inadequate remedy at law. *State ex rel. Gallagher v. Collier-Williams*, 2022-Ohio-1177, ¶ 25 (8th Dist.).

### III. Conclusion

{¶ 9} Accordingly, we grant the OCRC's motion to dismiss and the ALJ's motion to dismiss. Costs to Keltan. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 10} Complaint dismissed.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR